DJW/2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROY AND SHEILA BOWERS, | ) | |
| | ) | |
| Plaintiffs | ) | CIVIL ACTION |
| | ) | |
| | ) | Case No. 10-4141-JTM-DJW |
| v. | ) | |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS and | ) | |
| LORNA SLAUGHTER | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

Pending before the Court is Plaintiffs' Motion to Strike Affirmative Defenses of Mortgage Electronic Registration Systems Pursuant Fed. R. Civ. P. 12(f)(2) and Filing of the 7.1 Disclosure (ECF No. 18) and Motion to Strike Affirmative Defenses of Lorna Slaughter Pursuant Fed. R. Civ. P. 12(f)(2) (ECF No. 19). Plaintiffs seek to eliminate from the record Defendants Mortgage Electronic Registration Systems ("MERS") and Lorna Slaughter's ("Slaughter") (collectively "Defendants") eighteen (18) affirmative defenses included in their respective Amended Answers.[1] Additionally, Plaintiffs request an order from the Court requiring Defendant MERS to file a Rule 7.1 disclosure. The motions are granted in part and denied in part.

**I.   Background Facts**

Plaintiffs executed a residential mortgage on or about October 9, 2008 in order to secure repayment of a loan from Security National Mortgage Company. To obtain the loan, Plaintiffs

---

[1]*See* Def. MERS' Amended Answer to Complaint, (ECF. No. 15) at pgs. 16-19; *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16) at pgs. 18-20.

granted their lender a security interest in their property via the mortgage and executed a promissory note in the amount of $184,222.00.

A Certificate of Satisfaction was executed on July 3, 2009. The certificate provided that Plaintiffs' mortgage had been released. Then on November 13, 2009 a Caveat as to Existence of a Mortgage Lien Due to Erroneous Release of Mortgage was executed. This document essentially stated that the Certificate of Satisfaction had been executed in error and that Plaintiffs were still required to pay their mortgage as their debt was never paid in full.

Plaintiffs sued Defendants for slander and disparagement of title, conversion, negligence, fraud and/or misrepresentation, and violation of the Kansas Consumer Protection Act ("KCPA") in the District Court of Shawnee County, Kansas. Defendants then removed the case to this Court on November 16, 2010. The same day Defendant MERS filed its corporate disclosure statement.[2] Defendants then filed their Answers[3] on January 7, 2011 which were later amended on January 21, 2011.[4] In response, Plaintiffs filed the pending motion asking the Court to strike all affirmative defenses alleged by Defendants in their Amended Answers.

**II. Discussion**

   **A.   Parties' Arguments**

Plaintiffs claim all of Defendants' affirmative defenses should be stricken as insufficient, redundant, immaterial, or impertinent defenses pursuant to Federal Rule of Civil Procedure 12(f).

---

[2]Def. MERS, Inc.'s Disclosure of Corporate Interests, (ECF No. 4).

[3]*See* Def. MERS' Answer to Complaint, (ECF No. 13); *see also* Def. Slaughter's Answer to Complaint, (ECF No. 14).

[4]*See* Def. MERS' Amended Answer to Complaint, (ECF No. 15); *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16).

Plaintiffs claim that conclusory or generic recitations of legal elements are insufficient to support a pleading of an affirmative defense. And, in fact, claim that none of the eighteen alleged affirmative defenses include the "minimum degree of specificity or factual support" required "to provide Plaintiff with fair notice of the defenses being asserted."[5] Thus, Plaintiffs contend "the asserted affirmative defenses are invalid under FRCP Rule 8 pleading standards and the applicable heightened pleading standard from *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)."[6]

More specifically, Plaintiffs find fault with general denials stating that "[d]enials are part of the Answer and not affirmative defenses. . . ."[7] Plaintiffs also find the constitutional defenses asserted speculative "conjecture" that "unfairly shift [sic] the focus of the litigation. . .to generally requiring the Plaintiff's [sic] to explain and defend the entire process of the American system of justice. . . ."[8] Plaintiffs then challenge certain defenses as "unsupported in fact or law" as Defendants confused a civil claim with criminal proceedings discussing "criminal punishments" and "[t]he *ex post facto* doctrine. . . ."[9] Finally, Plaintiffs maintain that statements of law and requests

---

[5]Mot. to Strike Aff. Defenses of MERS Pursuant Fed. R. Civ. P. 12(f)(2) and Filing of the 7.1 Disclosure, (ECF No. 18), at pg. 2; Mot. to Strike Aff. Defenses of Slaughter Pursuant Fed. R. Civ. P. 12(f)(2), (ECF No. 19), at pg. 2. Because the two motions to strike are virtually identical, the Court, from hereon, shall reference them collectively as "Motions to Strike" and will provide a single page reference where the information cited appears on the same page number in each of the motions. Otherwise, where the page numbers differ, the Court will cite to the motions separately.

[6]Motions to Strike, (ECF Nos. 18 and 19) at pg. 2.

[7]*Id*. at pg. 3.

[8]*Id*. at pg. 6.

[9]*Id*. at pg. 7-8.

3

of the Court are not affirmative defenses and "therefore must be stricken."[10]

Defendants, however, respond that "[t]he spirit of the federal pleading rules is one of disclosure, not rigid formality. . . ."[11] Defendants, therefore, contend that their Amended Answers, specifically their "Affirmative and Other Defenses,"[12] are properly pled. Furthermore, Defendants provide four grounds for denying the Motion to Strike.

First, Defendants argue they are entitled to a notice-pleading in federal court and were forced to assert their defenses to avoid waiving them.[13] Second, Defendants claim that the pending motion "is premised on false assertions and an incomplete description of the record. . . ."[14] Here, Defendants provide evidence to support that Plaintiffs were on notice that Defendants believed Wells Fargo Bank, N.A. was a necessary party to this action.[15] Third, Defendants claim that failure to attempt to meet and confer about the affirmative defenses before filing the Motion to Strike "violates the spirit, if not the letter, of Fed. R. Civ. P. 37(a) and D. Kan. R. 37.2."[16] Finally,

---

[10]*Id*. at pg. 8-9.

[11]Defs.' Joint Opp. To Plfs.' Mot. To Strike Aff./Other Defenses in Defs.' Answers to Complaint, (ECF No. 22) at pg. 1.

[12]Not just affirmative defenses as Plaintiffs label them. *See* Def. MERS' Amended Answer to Complaint, (ECF No. 15) at pg. 16; *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16) at pg. 18.

[13]Defs.' Joint Opp. To Plfs.' Mot. To Strike Aff./Other Defenses in Defs.' Answers to Complaint, (ECF No. 22) at pg. 2.

[14]*Id*.

[15]*Id*. at Ex. A (e-mail communication from Defense counsel to Platiniffs' counsel stating "I remain of the belief that Wells Fargo Bank, N.A. has an interest in the subject of Plaintiffs' federal lawsuit and should be a part of it.")

[16]*Id*. at pg. 2. While the Court does not address this argument within the body of its Order, it should be noted that both Fed. R. Civ. P. and D. Kan. Rule 37.2 deal specifically with

4

Defendants believe "the Motion to Strike is procedurally premature" since no discovery has been undertaken, Federal Rule of Civil Procedure 26(a) disclosures have not been made, there is no scheduling order entered, and the final pretrial order is still months away from defining "final claims and defenses to govern the course of the trial."[17] Thus, any "lack of specificity" is due to the fact that the parties have conducted "no discovery to obtain the evidentiary facts supporting the defenses. . . ."[18] Defendants urge the Motions to Strike be denied and, if necessary, Defendants be granted leave to amend their answers.[19]

### B.  Applicable Law

#### 1.  Striking Material from Pleadings

The high standards for ruling on a motion to strike are well established. Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."[20] A defense

---

discovery disputes. Here, as Defendants point out, no discovery has been conducted. Thus, Plaintiffs had no duty under the rules cited to confer regarding the pending motions. However, the Court acknowledges the merit in Defendants' argument and frequently and fervently encourages counsel to discuss issues in litigation as they arise in an attempt to resolve matters without court intervention. Doing so would eliminate needless motions practice and the wasting of judicial resources. Thus, fulfilling the purpose of the Federal Rules of Civil Procedure which is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

[17]*Id*. at pg. 2-3.

[18]*Id*. at pg. 3.

[19]*Id*. at pg. 9.

[20]Fed. R.Civ. P. 12(f).

is insufficient if no circumstances exist under which it can succeed as a matter of law.[21] Because striking an entire pleading, or a portion thereof, is a drastic remedy, and because a motion to strike may often be brought as a dilatory tactic, motions to strike are generally disfavored.[22]

This Court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and are likely to cause prejudice to one of the parties.[23] While motions to strike are generally disfavored, the decision to grant a motion to strike lies within the district court's sound discretion.[24] In deciding a motion to strike an affirmative defense, the court bears in mind that the purpose of pleading an affirmative defense is to provide the plaintiff with fair notice.[25]

### 2. The Language of Fed. R. Civ. P. 8 in Light of *Iqbal* and *Twombly*

The Supreme Court in *Twombly* and *Iqbal* clarified that a plaintiff was required to provide more than bare bone assertions and conclusory statements in a complaint to satisfy the pleading

---

[21] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 U.S. Dist. LEXIS 13221, at *2 (D. Kan. Feb. 19, 2008); *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993).

[22] *See Falley v. Friends Univ.*, No. 10-1423-CM, 2011 U.S. Dist. LEXIS 40921, at *4 (D. Kan. Apr. 14, 2011); *Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 U.S. Dist. LEXIS 71625, at *3 (D. Kan. Aug. 13, 2009); *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2005 U.S. Dist. LEXIS 20084, at *1 (D. Kan. Sept. 13, 2005); *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215-16 (D. Kan. 1998); *Fed. Deposit Ins. Co. v. Niver*, 685 F. Supp. 766, 768 (D. Kan. 1987).

[23] *See* Wilhelm, 2008 U.S. Dist. LEXIS 13221, at *2 (citations omitted); *Sellers v. Butler*, No. 02-3055-DJW, 2006 U.S. Dist. LEXIS 72935, at *5 (D. Kan. Oct. 5, 2006)(citing *Thompson*, 2005 U.S. Dist. LEXIS 20084, at *1).

[24] *Dockhorn v. Kitchens by Kleweno*, No. 08-2307, 2010 U.S. Dist. LEXIS 27532, at *6 (D. Kan. Mar. 23, 2010); *Sellers*, 2006 U.S. Dist. LEXIS 72935, at *5 (citations omitted).

[25] *See Siuda v. Robertson Transformer Co.*, No. 90-2245-L, 1992 U.S. Dist. LEXIS 6027, at *3 (D. Kan. Mar. 16, 1992)(citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to pleading an affirmative defense is to give the plaintiff fair notice of the defense.")).

requirements of Federal Rule of Civil Procedure 8(a).[26]  However, both rulings focused on the pleading requirements for persons filing a complaint.  The Supreme Court did not address the pleading requirements of a responsive pleading and, thus, left the decision of whether these heightened pleading requirements apply to affirmative defenses in addition to claims in a complaint to the lower courts.  To date, no appellate court has decided the issue, and there is a split among the district courts.

Yet, in 2009, this Court held that the *Twombly* plausibility standard did in fact apply to affirmative defenses.[27]  That decision seems to be representative of the majority position among district courts[28] and is heavily relied upon by the parties in this case.  But a number of courts have determined that *Twombly* does not apply to affirmative defenses.[29]  In fact, this Court only a little more than a month ago declined to apply the heightened pleading requirements of *Iqbal* and

---

[26]*See Falley*, 2011 U.S. Dist. LEXIS 40921 at *2 (interpreting *Iqbal*, 129 S Ct. 1937 (2009) and *Twombly*, 550 US 544 (2007)).

[27]*Hayne v. Green Ford Sales Inc.* 263 F.R.D. 647, 649-50 (D. Kan. 2009).

[28]*See, e.g., Castillo v. Roche Labs. Inc.*, No. 10-20876-CIV, 2010 U.S. Dist. LEXIS 87681, at *3 (S.D. Fla. Aug. 2, 2010); *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, at *4 (W.D. Va. June 24, 2010); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 99538, at *7-8 (N.D. Cal. Oct. 26, 2009); *Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 U.S. Dist. LEXIS 90778, at *7 (W.D.N.Y. Sept. 30, 2009); *Shinew v. Wszola*, No. 08-14256, 2009 U.S. Dist. LEXIS 33226, at *5 (E.D. Mich. Apr. 21, 2009); *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 U.S. Dist. LEXIS 48399, at *1 (E.D. Mich. June 25, 2008); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 U.S. Dist. LEXIS 42630, at *2 (S.D. Fla. May 28, 2008).

[29]*See, e.g., Lane v. Page*, No. 06-1071 JB/ACT, 2011 U.S. Dist. LEXIS 11636, at *6-14 (D.N.M. Jan. 14, 2011); *McLemore v. Regions Bank*, Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 U.S. Dist. LEXIS 25785, at *12 (M.D. Tenn. Mar. 18, 2010); *Holdbrook v. Saia Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 U.S. Dist. LEXIS 29377, at *2 (D. Colo. Mar. 8, 2010); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 U.S. Dist. LEXIS 149, at *2 (E.D. Mich. Jan. 5, 2009); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 U.S. Dist. LEXIS 98699, at *1 (W.D. Pa. Oct. 23, 2009).

*Twombly* to affirmative defenses.[30]

The *Falley* decision sets forth how Rule 8 differs with regard to pleading in a complaint and pleading in a responsive pleading. Rule 8(a) governs the requirement for a party to state a claim for relief in a complaint. In relevant part, a plaintiff seeking relief must make "a short and plain statement of the claim *showing that the pleader is entitled to relief* . . . ."[31] However, 8(b) and 8(c) apply to pleadings made in a responsive pleading. Rule 8(b) applies to defenses in general. This section only requires that a responding party "state in short and plain terms its defenses to each claim asserted against it. . . ."[32] With regard to affirmative defenses, a party "responding to a pleading" "must affirmatively state any avoidance or affirmative defense. . . ."[33]

In the sections that apply to responsive pleadings, sections 8(b) and (c), there is no additional phrase requiring a party to show why that defense is relevant or why the party is entitled to claim that defense. But that additional language does appear in 8(a), where the party making a claim in a complaint must state the claim *and* show why the party is entitled to relief. Unlike the plaintiff's requirements under 8(a), "a responding party asserting affirmative defenses is required to do no more than 'affirmatively state' such affirmative defense [sic]."[34] Thus, the requirement under Rule 8 for sections (b) and (c) are "markedly less demanding than that of Rule 8(a). . . ."[35] The plain

---

[30] *See Falley*, 2011 U.S. Dist. LEXIS 40921.

[31] Fed. R. Civ. P. 8(a)(2)(emphasis added).

[32] Fed. R. Civ. P. 8(b)(1)(A).

[33] Fed. R. Civ. P. 8(c)(1).

[34] *See Falley*, 2011 U.S. Dist. LEXIS 40921 at *6 (quoting Fed. R. Civ. P. 8(c)(1)).

[35] *Id*. at *7.

8

language selected by the drafters implies "that the rationale of Twombly does not apply. . .where the pleading party bears no burden of showing an entitlement to relief."[36]

In addition to the plain language, the *Falley* decision provided four other reasons to support not applying the heightened pleading standards to defenses presented in responsive pleadings. First, since Federal Rule of Civil Procedure Form 30 serves as a form for presenting Rule 12(b) defenses and allows the simple statement of "[t]he complaint fails to state a claim upon which relief can be granted" in order to assert the defense of failure to state a claim, logic does not support requiring a defendant do more in order to sufficiently assert that defense.[37] Second, maintaining a higher standard for pleading claims rather than defenses is appropriate since "a plaintiff may take years to investigate and prepare a complaint" while a defendant has a mere 21 days in which to serve an answer after a complaint is filed.[38] Additionally, as Defendants point out, failure to state an affirmative defense in an answer risks waiver.[39] Third, striking anything from a pleading is disfavored, but striking a defendants affirmative defense(s) is drastic.[40] Fourth, granting these motions to strike may "encourage parties to bog down litigation by filing and fighting motions to strike answers or defenses prematurely" which cuts against the purpose of Rule 12(f): "minimize

---

[36]*Id*. at *8.

[37]*Id*. at *8-9 (stating that "[t]here is no suggestion that factual allegations are required. Use of this official form to answer a complaint is sufficient under the Rules. The brief and simple nature of this language indicates that no more detail is required of a defendant in an answer.")(internal citations omitted).

[38]*Id*. at *9 (citing Fed. R. Civ. P. 12(a)(1)(A)(i)).

[39]*Id*. (referencing Fed. R. Civ. P. 12(g)(2), (h)(1)(A)).

[40]*Id*. at *9 (citing *Wilhelm*, 2008 U.S. Dist. LEXIS 13221, at *2)(citation omitted)).

delay, prejudice, and confusion."[41]

### 3. Leave to Amend Pleadings

Regardless of whether a court decides to apply the heightened pleading standards of *Iqbal* and *Twombly* to defenses pled in response to a complaint, striking any portion of the pleading should not be the first place the court turns for remedy. Especially when the litigation is in the early stages, striking defenses should be a last resort. The common remedy for striking defenses is to allow amendment, especially in early stages of litigation.[42]

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.[43] As long as no blatant reason[44] exists to deny leave to amend, then leave to amend should be granted.[45]

### C. Analysis

After reviewing the cases at issue, the Court now adopts its most recent ruling in *Falley* and limits the heightened pleading requirements to complaints. Thus, Defendants' defenses in its "Affirmative and Other Defenses" section of the Amended Answers are not subject to the

---

[41]*Id*. at *10 (citing *Resolution Trust Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan. 1993)(citation omitted)).

[42]*See Hayne*, 263 F.R.D. 647, 652 (finding that "[t]he majority of cases applying the Twombly pleading standard to affirmative defenses and striking those defenses have permitted the defendant leave to amend.").

[43]Fed. R. Civ. P. 15(a).

[44]Examples of blatant reasons to deny leave to amend include undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, failure to cure deficiencies by amendments previously allowed, and futility of amendment. *Crockett v. Heartland Habitat for Humanity, Inc.*, No. 10-2333-JTM-KGG, 2011 U.S. Dist. LEXIS 5642, at *2-3 (D. Kan. Jan. 20, 2011).

[45]*Id*.

rationale and holdings of *Iqbal* and *Twombly*. As such, the Court briefly analyzes Plaintiffs' arguments.

### 1. Denials as Affirmative Defenses

In paragraphs 2 and 7 of the Affirmative and Other Defenses section, Defendants state general denials rather than affirmative defenses. An affirmative defense is when "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true."[46] Paragraph 2 states that Defendants "den[y] each and every allegation of the Counterclaim not specifically admitted."[47] Paragraph 7 denies that Defendants' conduct was "intentional, willful, wanton, or malicious" and denies that they are "liable for punitive damages."[48] Plaintiffs alleged in their Petition that MERS and Slaughter "engaged in the intentional, willful, reckless and/or negligent misrepresentations of the truth and concealed material facts. . . ."[49] And in their prayer for relief, Plaintiffs asked for the "statutory and enhanced penalty of $20,000. . .for *each* violation of the KCPA" in addition to any award of damages deemed appropriate after discovery.[50] Thus, there is no scenario in which everything alleged in the Complaint could be true and co-exist with these defenses if also true. Therefore, these are not affirmative defenses that could defeat Plaintiffs' claims in the event that all allegations are true. So Plaintiffs' contention that these

---

[46]*U.S. v. Portillo-Madrid*, 292 Fed. Appx. 746, 747 n.1 (10th Cir. 2008).

[47]*See* Def. MERS' Amended Answer to Complaint, (ECF No. 15) at pg. 16; *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16) at pg. 18.

[48]*See* Def. MERS' Amended Answer to Complaint, (ECF No. 15) at pg. 17; *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16) at pg. 18.

[49]Plfs.' Petition, (ECF No. 10-1) at pg. 8

[50]*Id*. at pg. 13.

statements are denials rather than affirmative defenses is accurate.

Even so, Rule 8(b) provides that a responsive pleading should include defenses to each of the claims asserted. While these defenses are traditionally included in a paragraph corresponding to each allegation in the Complaint, "[n]o technical form is required."[51] So nothing in the Rules prevent Defendants from including a section of Affirmative *and Other* Defenses as they did in their Amended Complaints.

Additionally, the Defendants, by including these paragraphs in their Amended Complaints, put Plaintiffs on notice that these are defenses Defendants intend to assert. In doing so, Defendants fulfill the purpose that drives Rule 8 as well as the decisions of *Iqbal* and *Twombly*. Defendants "provide the Plaintiff with fair notice of the defenses being asserted" - the very thing Plaintiffs claim they lack.[52]

In situations where denials have been labeled affirmative defenses, courts provide little definitive guidance of whether to strike the denials since courts have decided the issue both ways.[53] But the Court notes that even in cases where the court struck the denials, there was an acknowledgment that allowing the defenses to stand and treating them as specific denials rather than affirmative defenses would readily remedy the situation.[54]

---

[51]Fed. R. Civ. P. 8(d)(1).

[52]Motions to Strike, (ECF Nos. 18 and 19) at pg. 2.

[53]*See In re YRC Worldwide, Inc. Erisa Litig.*, No. 09-2593-JWL, 2011 U.S. Dist. LEXIS 41019, at *16 (D. Kan. Apr. 15, 2011)(comparing *Dann v. Lincoln Nat. Corp.*, 2011 U.S. Dist. LEXIS 13089, at *3 (E.D. Pa. Feb. 10, 2011)(denying motion to strike) with *In re Merck & Co., Inc. Vytorin ERISA Litigation*, 2010 U.S. Dist. LEXIS 62529, at *3 & n.3 (D.N.J. June 23, 2010)(granting motion to strike)).

[54]*See e.g. In re Merck & Co.*, 2010 U.S. Dist. LEXIS 62529, at *3 & n.3; *see also In re YRC Worldwide*, No. 09-2593-JWL, 2011 U.S. Dist. LEXIS 41019, at *16.

Defendants did not explicitly label paragraphs 2 and 7 as affirmative defenses. Instead, Defendants included the denials under the heading "Affirmative and Other Defenses." The paragraphs act to put Plaintiffs on notice that the Defendants will deny any allegations not specifically admitted and will also attempt to defeat Plaintiffs claims for punitive damages due to some intentional, willful, wanton, or malicious behavior. For these reasons and because striking pleading material is disfavored, the Court declines to strike paragraphs 2 and 7 of Defendants' Amended Complaints.

### 2. Specificity of Defenses and Supporting Facts

Plaintiffs contend paragraphs 1, 3, 4, 5, and 6 lack specificity and support and, thus, fail to meet the Rule 8 pleading requirements. As stated above, the Court agrees with the *Falley* decision and declines to apply the heightened pleading requirements to affirmative defenses. Thus, paragraphs 1, 3, 4, 5, and 6 shall not be stricken from Defendants' Amended Complaints.

### 3. Constitutional Defenses

Paragraphs 8-16 of Defendants' Affirmative and Other Defenses section raise defenses concerning the Constitution. While Plaintiffs brief in support of the Motion to Strike challenges each of these defenses factually or raises concerns regarding the viability of these defenses in addition to Rule 8 specificity, the Court is not convinced these are insufficient defenses. The standard remains that a defense is only insufficient when there is no circumstance under which it can succeed as a matter of law. Based on the pleadings, the Court cannot, at this time, rule that it is unfathomable that these defenses will apply or that, more succinctly, these defenses legally shall not apply in this litigation. As such, the Court declines to strike paragraphs 8-16 of the Defendants' Affirmative and Other Defenses.

### 4. Civil Claim Versus Criminal Proceedings

With respect to paragraphs 14 and 15 of the Defendants' Affirmative and Other Defenses section, Plaintiffs raise an additional argument for insufficiency, other than just lack of specificity under the pleading requirements. Here, Plaintiffs state that these affirmative defenses are "unsupported in fact or law and must fail."[55]

Paragraph 14 reads: "Any award of punitive damages in this case would violate the Separation of Powers Doctrine since this Court and the jury would be usurping the exclusive power of the legislature to define crimes and establish punishment."[56] While Plaintiff rightly points out that no crime or criminal punishment are at issue in this civil litigation, the Court declines to rule that this defense will not apply in this case this early in the litigation. Thus, this defense will not be stricken.

However, Paragraph 15 states,

> "Any award of punitive damages in this case would be constitutionally defective as an *ex post facto* law prohibited by United States Constitution. The jury, in making any such punitive award, would be effectively criminalizing conduct after it has occurred and without appropriate advance notice to [Defendants] that such conduct may subject it to criminal punishment."[57]

Plaintiffs correctly acknowledge that "[t]he *ex post facto* doctrine is very limited in application and only applicable to criminal conduct."[58] The United States Constitution prohibits Congress from

---

[55] Motions to Strike, (ECF Nos. 18 and 19) at pg. 8.

[56] *See* Def. MERS' Amended Answer to Complaint, (ECF No. 15) at pg. 18; *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16) at pg. 20.

[57] *See* Def. MERS' Amended Answer to Complaint, (ECF No. 15) at pg. 18; *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16) at pg. 20.

[58] Motions to Strike, (ECF Nos. 18 and 19) at pg. 8.

passing an ex post facto law.[59] This prohibition "essentially prohibits a law which 'changes the punishment, and inflicts greater punishment, than the law annexed to the crime when committed.'"[60] In the Tenth Circuit "*a law or regulation* violates the Ex Post Facto Clause if the law: (1) applies to events occurring before it was enacted, and (2) disadvantages the [defendant] by changing the definition of *criminal conduct* or increasing the sentence thereof."[61] Under these standards, the Court agrees with Plaintiffs that the defense articulated in paragraph 15 is unsupported by law in its application to the case at hand. Thus, the defense is insufficient under Rule 12(f).

While the Court could impose the less drastic measure of allowing Defendants to amend their Amended Answers, there is no point. Whether the Defendants amend their defenses or the Court strikes this defense, the result is the same - elimination of the defense. Therefore, the Court does not view striking this defense as drastic. Furthermore, this is precisely the type of affirmative defense that Rule 12(f) was designed to protect against - the defense is clearly insufficient and no factual issues exist that should be determined on the merits. Thus, paragraph 15 shall be stricken from the pleadings.

### 5.     Statements of Law as Affirmative Defenses

Defendants, in paragraph 17, state that "Plaintiffs' burden of proof is to support a punitive

---

[59]U.S. Const. art. I, § 9, cl. 3.

[60]*Jefferson v. Hart*, No. 91-3232-RDR, 1993 U.S. Dist. LEXIS 10907, at *5-6 (D. Kan. July 29, 1993)(quoting *Calder v. Bull*, 3 U.S. 386, 390 (1789)).

[61]*Ellibee v. Feleciano*, No. 08-3186-SAC, 2011 U.S. Dist. LEXIS 30057 (D. Kan. Mar. 22, 2011)(referencing *Smith v. Scott*, 223 F.3d 1191, 1193-94 (10th Cir.2002)(citing *Lynce v. Mathis*, 519 U.S. 433, 441(1997)). *See also Jefferson*, 1993 U.S. Dist. LEXIS 10907, at *6 (stating "[a] law is ex post facto where it is both retrospective and disadvantageous to the defendant.")(citation omitted).

damage recovery by clear and convincing evidence."[62] This statement, regardless of its truth, is neither a defense or an affirmative defense by definition. As such, the Court finds it improper in the section of the Amended Answer in which it appears. However, striking this material from Defendants' pleadings is drastic and unnecessary. Thus, the Court will grant Defendants leave to amend their Amended Answers with regard to paragraph 17. Defendants may eliminate the alleged defense in its entirety or may amend it so as to read as a defense or an affirmative defense.

### 6. Reservations as Affirmative Defenses

Finally, the last paragraph, paragraph 18, of Defendants' Amended Answers "requests leave of Court to assert any additional, appropriate defenses or to delete defenses contained herein as may be necessary after discovery, when the averments of Plaintiffs' Complaint and the issues formulated thereby have become more definite and certain."[63] This paragraph is similar to the reservation of the right to assert additional defenses as they become known throughout the course of discovery which the Court often sees in Answers.[64] The court in *Falley* did not strike the reservation of such a right. Similarly, the Court here declines to strike paragraph 18 in as much as it puts Plaintiffs on notice that discovery may impact the defenses asserted and acts as a reservation of Defendants' rights. However, the Court notes that if and when the time comes that Defendants wish to amend their Amended Answers this section will not serve as their motion for leave. Defendants shall

---

[62]*See* Def. MERS' Amended Answer to Complaint, (ECF No. 15) at pg. 19; *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16) at pg. 20.

[63]*See* Def. MERS' Amended Answer to Complaint, (ECF No. 15) at pg. 19; *see also* Def. Slaughter's Amended Answer to Complaint, (ECF No. 16) at pg. 20.

[64]*See Falley*, 2011 U.S. Dist. LEXIS 40921 at *1.

comply with local rule 15.1 which governs motions to amend and for leave to file.[65]

### 7. Filing of Corporate Disclosure

Plaintiffs request the Court compel Defendant MERS file a corporate disclosure in compliance with Federal Rule of Civil Procedure 7.1. However, Defendant MERS filed its corporate disclosure with this Court on November 16, 2010. Without a challenge as to why the corporate disclosure filed by MERS is insufficient, the Court will not require an additional filing. Thus, the Court finds MERS is in compliance with Rule 7.1 and no further action is required regarding its corporate status at this time.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses of Mortgage Electronic Registration Systems Pursuant Fed. R. Civ. P. 12(f)(2) and Filing of the 7.1 Disclosure (ECF No. 18) and Motion to Strike Affirmative Defenses of Lorna Slaughter Pursuant Fed. R. Civ. P. 12(f)(2) (ECF No. 19) are granted in part and denied in part. Paragraph 15 of each of the Amended Answers are hereby stricken. With regard to paragraph 17 of the Amended Answers, Defendants are granted leave to amend the alleged defense in accordance with this Order. The Motions to Strike with regard to all other paragraphs within the Affirmative and Other Defenses sections of the Amended Answers are denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 1st day of June 2011.

        **s/ David J. Waxse**
        David J. Waxse
        U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

---

[65] D. Kan. Rule 15.1.