# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROY AND SHEILA BOWERS,** | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 10-4141-JTM–DJW |
| | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS** | ) | |
| **and LORNA SLAUGHTER,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In this removal action, Plaintiffs assert claims for slander and misrepresentation of title, conversion, negligence, fraud and/or misrepresentation, and violations of the Kansas Consumer Protection Act ("KCPA") and the Fair Debt Collection Practices Act ("FDCPA") against Defendants Mortgage Electronic Registrations Systems ("MERS") and Lorna Slaughter ("Slaughter"). Pending before the Court is Defendants' Motion for Protective Order (ECF No. 29). Defendants request that the Court enter a protective order limiting the parties' disclosure and use of confidential information. Plaintiffs object to several provisions of the proposed protective order submitted by Defendants. The motion is granted in part and denied in part.

### I. Proposed Protective Order and Disputed Provisions

The proposed protective order submitted by Defendants defines certain categories of information as confidential, allows the parties to designate documents as confidential, specifies the manner in which the parties may use documents so designated, and provides procedures for parties to object to the designation. Plaintiffs, although apparently willing to consider a protective order, have not proposed an alternative. They object to the protective order's broad scope, its requirement

that a party must request leave to file confidential documents under seal, and its limits on use of information in other litigation.

### A.     The Scope of Defendants' Proposed Protective Order

Defendants' proposed protective order defines the scope of confidentiality in Paragraph 1 as follows:

> Confidential treatment as provided below may be claimed by the parties for documents and information and any portion or summary thereof relating to the subject matter of the following types:
>
> (a)  personal or personnel information concerning Defendant Lorna Slaughter, employees of Wells Fargo Bank, N.A. and its operating division Wells Fargo Home Mortgage, representatives of Mortgage Electronic Registration Systems, Inc. ("MERS"), and financial, personal, or personnel information of Plaintiffs Roy and Sheila Bowers;
>
> (b)  confidential, non-public security, trade secret or proprietary information;
>
> (c)  documents concerning financial and employment matters; and
>
> (d)  documents of a personal and sensitive nature.[1]

Plaintiffs present two objections to the protective order's scope. First, Plaintiffs object to the scope as including information already available to the public. Second, Plaintiffs object to the inclusion of trade secrets or proprietary information as a category needing confidential treatment.

### B.     Filing Under Seal Provision

Paragraph 7 of Defendants' proposed protective order requires that a party seeking to file

---

[1] Defendants' proposed Protective Order is attached as Ex. A to their Motion and Supporting Memorandum for Entry of Protective Order (ECF No. 29-1).

confidential information with the Court must first file a motion requesting leave to file the documents or information under seal. Plaintiffs object to this provision, arguing that it shifts the burden of showing confidentiality and unfairly imposes burdens of time and expense in using discovery documents. They claim that each time they wish to use a document marked as confidential in this case, the protective order would require them to seek advance permission from the Court to file the document under seal.

### C. Restrictions on Use of Confidential Documents in Other Litigation

Defendants' proposed protective order limits the use of any information discovered in a confidential document to the present litigation. Paragraph 9 prevents the use of information designated confidential in any other litigation. In addition, Paragraph 5 requires parties to not utilize any knowledge gained through examination of confidential documents for any other purpose, which would include use in other litigation. Plaintiffs argue that Defendants have failed to show cause for this restriction. They also argue that other litigants should have access to information for public policy reasons.

### D. The Two-Tiered "Attorneys' Eyes Only" Designation

Paragraph 2 of Defendants' proposed protective order allows for the designation of two tiers of confidential information. The first tier is labeled "CONFIDENTIAL," and is defined in Paragraph 1 of the protective order, as quoted above. The second tier is labeled "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Paragraph 4 restricts access to any document classified as Attorneys' Eyes Only to counsel with a limited exception for experts and consultants. Plaintiffs offer no specific objection to this two-tiered classification, but the Court must still consider whether Defendants have shown sufficient justification for giving certain materials a heightened

Attorneys' Eyes Only designation.

## II.     Duty to Confer

Plaintiffs argue that Defendants did not properly or adequately confer prior to filing this motion. They argue that Defendants allowed them insufficient time, approximately twenty-four hours, to consider the proposed final draft of the protective order. On the other hand, Defendants certify in their motion that the parties conferred on two occasions.

Federal Rule of Civil Procedure 26(c)(1) requires a motion for a protective order to include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[2] In addition, D. Kan. Rule 37.2 requires that conferring certification "must describe with particularity the steps taken by all attorneys to resolve the issues in dispute." There is no requirement that the parties communicate face-to-face or by phone,[3] but properly conferring requires more than merely sending an e-mail without waiting for a response.[4] The parties must have made an attempt to resolve the issues blocking an agreement, but they are not required to keep conferring if doing so would prove futile.[5]

This Court has applied the conferring requirements set forth in Fed. R. Civ. P. 26(c)(1) and D. Kan. 37.2 to motions seeking entry of a protective order limiting the parties' use of confidential

---

[2] Fed. R. Civ. P. 26(c)(1).

[3] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 5-2192-JWL-DJW, 2008 WL 2222022 at *4 (D. Kan. May 28, 2008).

[4] *See* D. Kan. Rule 37.2 (A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party).

[5] *U.S. Fire Ins. Co.*, 2008 WL 2222022 at *2 (internal citations omitted).

4

information.[6] The Scheduling Order in this case provides that if the parties agree on the need for a protective order, then their counsel are to *confer* and submit a jointly proposed protective order.[7] If the parties disagree concerning the need for, and/or the scope or form of a protective order, the Scheduling Order further provides that the party seeking such an order shall file an appropriate motion.[8] Although the Scheduling Order does not expressly order the parties to confer before filing a motion for protective order, the motion still must comply with the general requirement that the movant confer or make reasonable attempts to confer prior to filing the motion. Defendants thus are required to make attempts to confer prior to filing their motion for entry of a protective order limiting the parties' use of confidential information.

In their motion, Defendants state that the parties conferred at least twice about entry of an agreed protective order, but were unable to reach consensus that one was need in this case. Plaintiffs challenge this as insufficient. They describe the extent of Defendants' conferring efforts as follows: Defendants' counsel sent a draft of the protective order to Plaintiffs' counsel on March 28, 2011. Plaintiffs' counsel reviewed the proposal, expressing concerns about its scope in an e-mail on March 29. Defendants' counsel requested time to "mull over" issues, and Plaintiffs' counsel agreed by e-mail on March 30. On April 7, Defendants' counsel sent another draft of the proposed protective order, modified to meet the Court's formal requirements. One day later, Defendants filed this motion for protective order.

---

[6]*See Fears v. Wal-Mart Stores, Inc.,* No. Civ. A. 99-2515-JWL, 2000 WL 715819, at *1 (D. Kan. May 30, 2000) (denying motion for protective order limiting parties' use of confidential information based upon failure to confer).

[7]Scheduling Order (ECF No. 24) ¶ 2.m. (emphasis added).

[8]*Id.*

5

The Court finds, that despite the short time Plaintiffs had to review the proposed protective order, Defendants made sufficient attempts to confer prior to filing their motion. There is no requirement that the parties specifically discuss a proposed protective order draft. The only requirement is a good faith conference about the issues on which the parties hope to agree. Plaintiffs' exhibits show evidence of e-mail communication between the two parties. Defendants sent an initial draft of the proposed protective order to Plaintiffs to which Plaintiffs' counsel responded by e-mail, providing Defendants with issues preventing an agreement. Defendants' counsel acknowledged those issues. If the parties could resolve those issues on their own, the Court would prefer that result. However, resolution of issues is not necessary for the conference requirement. Defendants' counsel offered to "mull over" those issues, but perhaps after considering those issues, realized that no agreement was possible. Defendants were under no obligation to send another message if, after considering those issues, they did not wish to make any changes to the proposed protective order. Those e-mails support Defendants' certification that the parties conferred on two occasions. Defendants made adequate attempts to confer prior to filing this motion.

### III. The Standard for Issuing a Protective Order Limiting the Parties' Disclosure and Use of Confidential Information

Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[9] The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.[10] Federal Rule of Civil Procedure 26(c) provides that the court, upon a showing of good cause, may "issue an order to protect a party or person from annoyance, embarrassment, oppression,

---

[9]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[10]*Id.*

or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[11] The party seeking a protective order has the burden to show good cause for it.[12] To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[13]

A special type of protective order, one that limits the disclosure, use, and dissemination of the parties' confidential information, also requires a showing of good cause under Rule 26(c).[14] For these types of protective orders, the party or parties seeking the protective order must provide a "concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c)."[15]

### IV.   Good Cause Supports Entry of a Protective Order as a Threshold Matter

Before turning to the disputed provisions of the proposed protective order, the Court must determine, as a threshold matter, whether Defendants have demonstrated good cause for the entry of a protective order limiting the disclosure of information and documents designated as "Confidential," and to prevent their use except for the purposes of the present litigation. Defendants assert that discovery in this case will likely involve the disclosure of Defendant MERS' confidential business records, which are not public and disclosure of which could give its competitors a view of

---

[11] Fed. R. Civ. P. 26(c)(1)(G).

[12] *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

[13] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[14] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[15] Scheduling Order (ECF No. 24) ¶ 2.m.

its operations and business. In addition, discovery may also seek discovery into proprietary matters involving Defendant MERS and other third parties, regarding policies, systems, and processes relating to the servicing of mortgage loans. Defendants also assert that three of the parties to this case are individuals, whose private or personnel information may be produced during discovery.

Plaintiffs do not challenge the need for a protective order; they state in their response that they are not opposed to a reasonable and tailored protective order. Their objections are directed more toward specific provisions included in Defendants' proposed protective order. The Court finds that Defendants have demonstrated sufficient good cause for the entry of a protective order that limits the parties disclosure and use of certain confidential information. Discovery exchanged in this case will likely include documents with personal information or personal identifiers of Defendant Slaughter, as well as Plaintiffs themselves. In addition, discovery will likely include production of Defendant MERS' confidential business records and other sensitive, proprietary information. A protective order can maintain the confidential nature of this information while allowing efficient discovery, a worthwhile objective in this case. The Court must next determine whether to enter this particular proposed protective order given the disputed provisions.

## V.     Plaintiffs' Objections to Defendants' Proposed Protective Order

### A.     Inclusion of Publicly Available Information

Plaintiffs object to the scope of Defendants' proposed protective order. They argue that the scope is broader than necessary to protect the parties' privacy. While recognizing that there are some privacy concerns, especially with regard to their and Defendant Slaughter's personal information, Plaintiffs argue that the scope of the current protective order would extend to personal information that is publicly available or otherwise not in need of protection, including Slaughter's employment position and responsibilities. As an alternative, Plaintiffs suggest that the parties could

instead redact sensitive personal information from documents produced in discovery.

Defendants do not sufficiently recite particular facts in this case to justify the broad scope of the protective order. Paragraph 1(c) of the protective order includes any "documents concerning financial or employment matters" without regard for whether those documents are actually private or whether they have been maintained in a confidential manner. The protective order has the virtue of covering the confidential information of both parties, but its scope goes beyond that.

The Court finds that a narrower scope would protect Defendants' interest in maintaining the confidentiality of financial and personnel information while addressing Plaintiffs' concerns that otherwise publicly available documents not be subject to the protective order. The protective order should be narrowed to limit the categories further. For example, instead of "documents concerning financial and employment matters," the protective order should be narrowed to "documents containing non-public financial and employment information which are maintained in a confidential manner." This more specific version prevents Defendants from designating public financial or employment information as confidential under the protective order, while maintaining confidentiality to applicable documents. The Court will enter Defendants' proposed protective order with this revision.

### B.      Inclusion of Trade Secrets and Proprietary Information

Plaintiffs also object to Defendants' inclusion of trade secrets and proprietary information as categories of confidential information. Plaintiffs dispute the existence of any trade secrets. They argue that as a servicer of mortgages, Defendants do not have any business practices that are not already known to the public. They also note that Plaintiffs and Wells Fargo have already been involved in multiple rounds of litigation in other jurisdictions, and the federal government has performed separate investigations resulting in the issuance of consent orders. Further, they question

whether MERS even has competitors performing a similar servicing function. They request that Defendants narrow the category to specific documents.

In support of their protective order, Defendants state that they anticipate that Plaintiffs will request discovery of their proprietary information not generally known to its business competitors. They assert the existence of "technical and non-technical data, formulas, compilations, programs, methods, techniques, and processes" without any more detail. In their reply, Defendants refer to several deposition topics served by Plaintiffs that request their proprietary information. These discovery requests include the "audit that led to the consent order," "quality assurance and data integrity," and "details of the 24/7 monitoring of a lender's pipeline."[16] Though they plan to object to these requests on other grounds, Defendants seek to include discovery that may be produced within the protection of the protective order as the discovery may contain trade secrets or other proprietary information that would be harmful if disclosed outside this litigation.

Defendants recite sufficient facts and justification to include MERS' confidential proprietary information within the scope of the protective order. For this type of protective order, it is sufficient that Defendants recite the fact that some business operations are not generally known to competitors who could use information discovered in this case to diminish the competitive edge provided by Defendants' trade secret or proprietary information. In their reply, Defendants also identify deposition topics that will likely call for disclosure of Defendant MERS' proprietary information. Although Defendants could have provided more sufficient facts in support, the burden for obtaining a protective order merely limiting the parties' disclosure of confidential information outside the litigation is less than what is needed when moving for a protective order precluding production of

---

[16]Defs.' Reply (ECF No. 44) at 2.

the discovery altogether. Defendants have met their burden here of justifying the inclusion of confidential, non-public trade secret or proprietary information in the protective order.

Plaintiffs will still have access to these documents and the protective order provides them with an opportunity to object to the confidentiality designation. Paragraph 14 provides that Plaintiffs may object to the confidential designation by giving written notice to the producing party within thirty days of receiving the document. The burden then shifts to the producing party to apply to the Court for protection.

The inclusion of Defendants' trade secret or proprietary information in the protective order does not place an unfair burden on Plaintiffs. When Defendants designate a trade secret as confidential that Plaintiffs believe should be designated as such, Plaintiffs merely have to provide notice to Defendants of an objection. Defendants would then have to provide an argument to maintain the confidentiality of their document. Plaintiffs' objection to the inclusion of trade secrets and proprietary information in the protective order is overruled.

### C. Filing Under Seal Provision

Plaintiffs also object to Paragraph 7's requirement that a party seeking to file confidential information with the Court must first file a motion requesting leave to file the documents or information under seal. Plaintiffs argue that it shifts the burden of showing confidentiality and unfairly imposes burdens of time and expense in using discovery documents. They claim that each time they wish to use a document marked as confidential in this case, the protective order would require them to seek advance permission from the Court to file the document under seal. Plaintiffs argue that this procedure is not supported by the rules or under the facts of this case especially considering the already apparent difficulties in obtain information in this case.

Now that the Court has narrowed the categories of documents and information that is subject

to the protective order, this should at least partially address Plaintiffs' objection. In particular, it should reduce the number of potential confidential documents that they would need to seek leave to file under seal. To further address Plaintiffs' concerns, the Court will add a sentence to the protective order excluding documents that are only designated confidential because they contain personal identifiers, e.g., social security numbers, birth dates, bank account numbers, other sensitive personal information. For these types of documents, the parties may instead file the documents with the personal identifiers information redacted and do not need to file these documents under seal.

### D.     Restrictions on Use in Other Litigation

Plaintiffs also object to Defendants' proposed protective order on the grounds that Defendants will use this protective order to frustrate collateral litigation involving many of the same issues. Plaintiffs have concerns that their counsel's practice primarily relates to mortgage litigation, as well as her recently being retained as an expert in other litigation. Further, Plaintiffs' counsel is working on similar litigation, including a state foreclosure action against Plaintiffs in Kansas. She contends that forcing her to repeat the discovery process for the same documents in other litigation will hamper the just, speedy, and inexpensive resolution of those cases. Plaintiffs also claim that future litigants should have access to documents.

With respect to future litigants, the Court finds that these concerns, though valid, do not justify denying the protective order on their own. If the scope of the protective order is properly limited, then there is substantially less burden on future litigants. Defendants cannot use the protective order to block access to otherwise public information if the protective order's scope is carefully written to include only truly confidential documents.

The Tenth Circuit has a procedural mechanism to lessen the burden a protective order will have on future litigants. Litigants can apply to permissively intervene in the case to modify the

protective order to gain access to the confidential information for their litigation.[17] The burden to block modification will fall on Defendants to show cause for why the collateral litigants should not have access to these documents. This procedure, by placing the collateral litigants under the protective order, still maintains confidentiality where appropriate, but it does not result in duplicate discovery efforts.

With respect to limitations on use by Plaintiffs' counsel in related actions, the Court agrees that the protective order should include a provision that will allow Plaintiffs' counsel use of documents produced during discovery in this action for other specified actions, as long as the documents are maintained as confidential in the other specified actions pursuant to a comparable protective order in the other action. If Plaintiffs' counsel has sufficiently similar actions ongoing in other courts, it would violate the principle of just, speedy, and inexpensive litigation to require her to duplicate her discovery efforts, as long as that discovery is within the collateral action's scope. Provided, however, that Plaintiffs' counsel may only be permitted to use information and documents designated as confidential and produced during discovery in this action for other related legal proceedings involving the same parties. The Court will include a provision in the protective order that allows Plaintiffs' counsel to use information and documents designated as confidential for other related legal proceedings involving the same parties.

### E.     Two-Tiered Protective Order

Although Plaintiffs do not object to Defendants' proposed protective order to the extent that it seeks to include a two-tiered level of protection, or an "attorneys' eyes only" provision, the Court finds that Defendants have failed to show good cause for a heightened "attorneys' eyes only"

---

[17]*United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990)(quoting *Wilk v. American Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980)).

restriction. This case is about a residential mortgage loan secured by an interest in property and the recording of certain instruments regarding the mortgage. The nature of the case does not suggest the need for an "attorneys' eyes only" provision.

Defendants have included a provision which allows parties to designate documents Attorneys' Eyes Only, but they failed to provide a scope which limits the use of this designation. Defendants' proposed protective order does not delineate between the two-tiers. Plausibly, a party could arbitrarily declare any confidential document "attorneys' eyes only," as long as it meets the scope set for designating a confidential document. The Court fails to see how any of the documents or information that may be exchanged during discovery in this case would warrant "attorneys' eyes only" treatment. Plaintiffs and Defendants are not business competitors and Defendants have not asserted any reason justifying an "attorneys' eyes only" provision. Because Defendants do not attempt to justify or further define the scope of this provision, the Court will enter the protective order with only one confidentiality tier.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (ECF No. 29) is granted in part and denied in part. In conjunction with the filing of this Order, the Court will enter a revised Protective Order limiting the parties' use, disclosure, and dissemination of confidential information and materials produced in this case.

**IT IS FURTHER ORDERED** that Plaintiffs' request for fees and costs incurred in responding to the motion is denied. Each party shall bear its own costs related to this motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 2nd day of August 2011.

                                                               s/ David J. Waxse  
                                                               David J. Waxse  
                                                               United States Magistrate Judge

cc:     All counsel and *pro se* parties