**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ROY AND SHEILA BOWERS, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 10-4141-JTM–DJW |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Order of Contempt of Court or to Show Cause Why Non-Party Home Quest Mortgage, LLC Should Not Be Held in Contempt (ECF No. 82) ("Motion for Contempt"). Defendants request, pursuant to Fed. R. Civ. P. 45(e), that the Court enter an order finding non-party Home Quest Mortgage, LLC ("Home Quest") in contempt of Court for failing to respond to a document subpoena issued on August 5, 2011. Defendants alternatively request that the Court order Home Quest to appear and show cause why it should not be held in contempt for its failure to respond to the subpoena. In either case, Defendants request that the Court order Home Quest to comply with the subpoena and produce the documents requested therein. As explained below, the motion is denied.

**I.    Relevant Factual Background**

Plaintiffs Roy and Sheila Bowers executed a residential mortgage on or about October 9, 2008, in order to secure payment of a loan from Security National Mortgage Company. To obtain the loan, Plaintiffs granted their lender a security interest in their property via the mortgage and executed a promissory note in the amount of $184,222.00. Wells Fargo serviced

the loan and eventually came to own the promissory note, on which Plaintiffs made regular monthly payments.

Plaintiffs attempted to refinance their loan with Wells Fargo, which terminated the 2008 loan on July 1, 2009. Wells Fargo also executed a Certificate of Satisfaction on July 3, 2009, which provided that Plaintiffs' mortgage had been released, and also sent a letter of congratulations to Plaintiffs on July 6, 2009, informing them of the loan payoff.

On November 13, 2009, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") executed a document entitled "Caveat as to the Existence of a Mortgage Lien Due to Erroneous Release of Mortgage" ("Caveat"). The Caveat is signed by Lorna Slaughter, as Vice President of MERS and states that MERS, as nominee for lender and the mortgagee, "does hereby certify and declare that [the October 9, 2008] Mortgage was released in error by the instrument identified as 'Certificate of Satisfaction,' which was recorded in the office of the Register of Deeds of Shawnee County, Kansas, . . . on July 15, 2009."[1] The Caveat further states:

> This Caveat of the existence of a valid mortgage lien is being recorded as the reinstatement and reaffirmation of that valid first real estate mortgage by Grantors to Grantee which was released in error; further, that the underlying debt obligation owed by Grantors, evidenced by said Mortgage has not been fully paid, nor satisfied, nor discharged, but, instead, continues to exist; and, further, that "Certificate of Satisfaction," which was made in error, should not be construed as any impairment to the Mortgage.[2]

The Caveat was recorded in Shawnee County, Kansas, by the Register of Deeds on November 20, 2009.

---

[1] Caveat, Ex. 3 to Defs.' Amendment to Mot. for Protective Order & Reply (ECF No. 90-2).

[2] *Id.*

Plaintiffs sued Defendants for slander and disparagement of title, conversion, negligence, fraud and/or misrepresentation, and violation of the Kansas Consumer Protection Act in the District Court of Shawnee County, Kansas. Defendants removed the case to this Court on November 16, 2010.

On August 5, 2011, Defendants prepared a subpoena *duces tecum* commanding non-party Home Quest to produce "[a]ll records, notes, letters, file references, or similar documentation reflecting, referring or relating to all communications between Roy Bowers and/or Sheila Bowers and Home Quest Mortgage, LLC . . . concerning Roy Bowers' mortgage loan(s) serviced by Wells Fargo Home Mortgage."[3] It commanded Home Quest to produce the documents on August 26, 2011, at Home Quest's office located at 301 Jefferson, Oskaloosa, Kansas.[4] In accordance with Fed. R. Civ. P. 45(b)(1), Defendants filed a Notice of Intent to Serve Subpoena Duces Tecum ("Notice"), with a copy of the subpoena. Because the Notice was filed through the Court's electronic filing system, all parties, including Plaintiffs' counsel Donna Huffman, received a copy of the Notice when it was filed. Following the filing of the Notice, Defendants sought to serve Home Quest with the subpoena in accordance with Fed. R. Civ. P. 45(b)(1). Home Quest is a limited liability company registered to do business in the state of Kansas. As a limited liability company, service of process for Home Quest must be made on its registered agent, who happens to be Donna Huffman. A process server went to Home Quest's office at 301 Jefferson, Oskaloosa, Kansas, on August 8, 2011, and August 10, 2011.[5] On both occasions, the process server was unable to serve Ms. Huffman. The Return of Non-Service dated August 24,

---

[3] Subpoena to Produce Documents, Ex. 1 to Defs.' Mot. for Contempt (ECF No. 82-1).

[4] *See* Notice of Intent to Serve Subpoena Duces Tecum (ECF No. 76).

[5] *See* Return of Non-Service (ECF No. 82-3).

2011, and filed on August 30, 2011, states that service was discontinued or cancelled due to the process server's inability to make contact with Ms. Huffman. Home Quest never responded to the Notice filed on August 5, 2011, and did not object to the Notice or its contents.

## II.     Defendants' Motion for Contempt

Defendants request that non-party Home Quest be held in contempt for its failure to respond to the subpoena, or alternatively be commanded to appear and show cause why it should not be held in contempt for its failure to respond. Defendants argue that the filing of the Notice with the Court's electronic filing system either constitutes proper service of the subpoena on Home Quest's registered agent or is an adequate substitute for service.

Defendants support this argument by relying on Ms. Huffman's unique position as both counsel of record for the Plaintiffs and the registered agent of Home Quest. Defendants correctly note that Ms. Huffman, in her role as counsel of record for Plaintiffs, the received electronic notification of the Notice filed on August 5, 2011. Defendants contend that this electronic notification of the Notice constituted service of the subpoena upon Home Quest's registered agent, Ms. Huffman. Additionally, Defendants imply that service on Ms. Huffman by more traditional means was difficult or impossible. Defendants describe the multiple unsuccessful attempts by the process server to contact Ms. Huffman via cell phone. The process server also attempted to serve Ms. Huffman at her personal residence, and she indicated that vehicles were present at the residence when these unsuccessful attempts to serve the subpoena were made. Although the subpoena at issue was never served on Ms. Huffman, Defendants assert that Home Quest's failure to produce the documents requested in the subpoena constitutes contempt of court because Ms. Huffman was aware of the subpoena via her receiving electronic notification of the Notice in her role as Plaintiffs' counsel.

The Court rejects Defendants' position that Ms. Huffman's knowledge of the Notice is proper service of the subpoena or an adequate substitute for service. The Notice filed on August 5, 2011, does not constitute proper service of the subpoena. Under Fed. R. Civ. P. 45(b)(1), service of a subpoena "requires delivering a copy to the named person."[6] The advisory committee's note to Fed. R. Civ. P. 5(b) makes clear that service under Rule 45 is only satisfied if it complies with the specific requirements of that rule.[7] Moreover, this Court has recognized that the notice requirement for document production subpoenas and the actual service of the subpoena are exclusive acts.[8] Therefore, the Notice filed through the Court's electronic filing system alone is not an equivalent or substitute for the service of process mandated by Rule 45(b).

Additionally, Rule 45(b)(1) requires that delivery for the purpose of service must be made to the person named in the subpoena.[9] Because Home Quest is a limited liability company, personal delivery must be made on the individual who is its registered agent for the service of process.[10] Although Ms. Huffman received a copy of the Notice through the Court's electronic filing system in her role as attorney for Plaintiffs, this does not satisfy the requirement of Rule 45(b) that delivery must be made on her as registered agent for Home Quest. Although

---

[6] Fed. R. Civ. P. 45(b)(1).

[7] *See* Fed. R. Civ. P. 5(b)(1) advisory committee's note (2001 Am.) ("Service under Rule[] . . . 45(b) . . . must be made as provided in [that] rule[].").

[8] *See Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2118636, at *5–6 (D. Kan. May 27, 2011) (discussing the notice and service requirements under Rule 45(b) as separate requirements that occur at different times).

[9] *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person . . . .").

[10] *See* Fed. R. Civ. P. 4(h)(1) (stating that an LLC must be served "(A) in the manner prescribed . . . for serving an individual; or (B) by delivering a copy of the [subpoena] to . . . any other agent authorized by appointment or by law to receive service of process").

5

mischaracterized by Defendants as "a courtesy," the repeated attempts to serve the subpoena on Ms. Huffman as registered agent for Home Quest suggest their awareness that the service requirement of Rule 45 was not satisfied by the Notice alone.  The process server attempted to serve Ms. Huffman in accordance with the requirements of Rule 45, but she was unable to do so.  Accordingly, the process server filed the Return of Non-Service, indicating that the subpoena was not served.[11]

Despite the likelihood that Ms. Huffman was aware of the Notice in her capacity as Plaintiffs' attorney, the subpoena was never delivered to her as required for service under Rule 45.  Service of the subpoena was therefore never successfully made.  Accordingly, the Court denies Defendant's Motion for Contempt for Home Quest's alleged failure to comply with the subpoena issued on August 5, 2011.  As it was not properly served with the subpoena, Home Quest had no obligation to respond, object, or comply with the subpoena.  Because the subpoena has been outstanding for several months without any additional attempts to properly serve Home Quest, the Court quashes the subpoena for failure to properly serve it.

### III.    Home Quest's Request for Expenses and Fees

In its Response, Home Quest requests that the Court order Defendants to pay its expenses and attorneys' fees incurred by responding to the Motion for Contempt.  Home Quest cites to the requirement under Fed. R. Civ. P. 45(c)(1) that the court enforce the duty incumbent upon any party serving a subpoena to "avoid imposing undue burden or expense on a person subject to the subpoena."[12]  Rule 45(c)(1) requires the Court to enforce this duty by "impos[ing] an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or

---

[11] *See* Return of Non-Service (ECF No. 82-3).

[12] Fed. R. Civ. P. 45(c)(1).

6

attorney who fails to comply."[13]  "Once the Court has determined that an attorney has violated Rule 45(c)(1), the imposition of sanctions is mandatory."[14]  In *Heartland*, the court concluded that the party serving the subpoenas had not violated its duty under Rule 45(c)(1) largely because of their legitimate concerns that the discovery period would end and foreclose their opportunity to obtain the requested documents.[15]

     Home Quest emphasizes the disparity in pecuniary resources between Defendants and it, and the relative capacities of counsel for each party to prosecute discovery disputes.  Although the Court is denying Defendants' Motion for Contempt, there has been no showing that Defendants breached their duty to avoid imposing an undue burden or expense by filing the Motion for Contempt.  Defendants made repeated attempts to serve Home Quest's registered agent with the subpoena.  They also had a reasonable, although erroneous, basis for asserting that service had been properly made on Ms. Huffman as Home Quest's registered agent via the filing of the Notice with the Court's electronic filing system. Much like *Heartland*, moreover, Defendants here were concerned that they would be unable to obtain the records sought from Home Quest if discovery closed.  Under the original Scheduling Order (ECF No. 24), discovery was scheduled to close on August 30, 2011, which was the same day Defendants filed their Motion for Contempt.   The Court concludes that Defendants did not breach their duty under Rule 45(c)(1), but instead were attempting to ensure the requests in their subpoena did not fall outside of the discovery period.  The Court therefore concludes that Defendants should not be ordered to pay Home Quest's costs and attorney's fees incurred in responding to this motion.

---

[13] *Id.*

[14] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 05-2164-MLB, 2007 WL 2122436, at *7 (D. Kan. July 20, 2007).

[15] *Id.*

Accordingly, each side must bear their own fees and costs associated with Defendants' Motion for Contempt.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Order of Contempt of Court or to Show Cause Why Non-Party Home Quest Mortgage, LLC Should Not Be Held in Contempt (ECF No. 82) is denied.

**IT IS FURTHER ORDERED** that the subpoena *duces tecum* commanding Home Quest to produce documents dated August 5, 2011 is quashed for lack of proper service.

**IT IS FURTHER ORDERED** that each party should bear its own costs associated with this motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 22nd day of December 2011.

<u>s/ David J. Waxse</u>
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties