IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Roy Bowers and Sheila Bowers,

    Plaintiffs,

vs.                                             Case No.10-4141 -JTM

Mortgage Electronic Registration Systems,
and Lorna Slaughter,

    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the Motion for Reconsideration of plaintiffs Roy and Sheila Bowers (Dkt. 126). The Bowers seek reconsideration of the August 3, 2011 Order of the United States Magistrate Judge permitting intervention by Wells Fargo Bank, N.A. Although the Bowers denominate their pleading a "Motion ... For Review of the Propriety of ... Intervention Order," it is in form and substance a motion for reconsideration, and as such is governed by D. Kan. R. 7.3.

The Motion for Reconsideration is denied for two reasons. First, it is untimely. Rule 7.3 permits the filing of a motion for reconsideration within 14 days after an Order.[1] The Rule allows the court to extend this time in certain cases, but under Rule 6.1(a), the court only has this power if a request for extension is filed within the 14 day period. The plaintiff's Motion for Reconsideration was filed over *four months* after the order allowing intervention, and the Bowers filed no timely

---

[1] An appeal from an order of a United States Magistrate Judge is subject to an identical 14-day limitation. Fed.R.Civ.Pr. 72(a); D.Kan.R. 72.1.4.

request for extension. This result is particularly appropriate given the intervening November 4, 2011 Scheduling Order, which explicitly extended the deadline for raising certain defenses, but did not extend the time for any challenge to the propriety of joinder.

Second, the Bowers' motion lacks merit. Reconsideration may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence.  *See Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989).  All of the issues now cited by the Bowers (Dkt. 126) are issues which were raised by Wells Fargo's Motion to Intervene, including abstention and the scope of joinder. (Dkt. 40). The Magistrate Judge properly allowed intervention after a full and fair consideration of the issues, and plaintiffs have demonstrated no basis for reconsideration.

IT IS ACCORDINGLY ORDERED this 31st day of January, 2012 that the plaintiffs' Motion for Reconsideration (Dkt. 126) is denied; plaintiffs' Motion to Amend or Correct (Dkt. 142) submitting a corrected version of their Reply is hereby granted.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE