IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROY AND SHEILA BOWERS,

              Plaintiffs,


              vs.                           Case No. 10-4141-JTM


MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, *et al.*

              Defendants.



MEMORANDUM AND ORDER


Plaintiffs Roy and Sheila Bowers commenced this action against Mortgage Electronic Registration Systems (MERS) and Lorna Slaughter on October 22, 2010. The defendants removed the action to this court on November 16, 2010. Over the Bowers' objection, on August 3, 2011, the United States Magistrate Judge granted leave for defendant Wells Fargo Bank, N.A. to intervene in the action, filing both an Answer and Counterclaim against the Bowers. (Dkt. 70). In reaching this conclusion, the Magistrate Judge not only determined that the requisites of intervention were present, but also that the court had diversity jurisdiction (*id.* at 12-13), and rejected the Bowers' arguments with respect to abstention. (*Id.* at 3, 13-14).

On January 31, 2012, the court denied a December 30, 2011 motion by the plaintiffs, denominated as a "Motion ... For Review of the Propriety of ... Intervention Order," (Dkt. 126), but which the court found was, in substance and effect, a motion for reconsideration of Judge Waxse's

order permitting intervention. (Dkt. 145). The court denied the motion as both untimely under D.Kan.R. 7.3, and on the merits, finding that "[a]ll of the issues now cited by the Bowers" were also raised before the Magistrate Judge, who rejected the arguments and "properly allowed intervention after a full and fair consideration of the issues." (Id. at 2).

The matter is now before the court on two additional motions filed by the plaintiffs. On December 30, 2011, the plaintiffs moved to remand the action to state court, arguing that the court was without jurisdiction to hear any claims involving MERS. (Dkt. 125, at 3-12). On January 6, 2012, the plaintiffs filed a motion seeking to dismiss Wells Fargo's counterclaims.[1]

The court will deny the Motion to Dismiss. Discovery in the action has not been completed, and the defendant is entitled to a full and fair opportunity to obtain evidence to support its claims. The Magistrate Judge determined in his Order permitting intervention that, while the Bowers may contend that Wells Fargo's interest is "speculative or non-existent," the defendant "ought to be allowed to show otherwise" at trial. (Dkt. 70, at 9-10). Wells Fargo's counterclaims — which seek declaratory judgment, equitable reinstatement, and foreclosure — all satisfy the requirements of Fed.R.Civ.Pr. 8 of "a short and plain statement of the claim showing that the pleader is entitled to relief," and all of the claims advanced by Wells Fargo demonstrate a plausible and reasonable basis for potential relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The court further finds that the plaintiffs' Motion to Remand, filed four months after the Order allowing intervention, should also be denied. First, it is again an attempt by the plaintiffs to

---

[1]Additionally, plaintiffs have submitted a "Motion for Rebuttal of Sur Reply [sic]" (Dkt. 188), which seeks leave to respond to the defendants' brief filed as Docket No. 160. A Rebuttal of a Surreply would be of course simply be another name for a sursurreply, a pleading even more heavily disfavored than the typical surreply. Plaintiffs have demonstrated no need for such an extraordinary pleading, and the motion will be denied.

circumvent Rule 7.3's fourteen-day timing requirement for motions for reconsideration. Accordingly, the motion is denied for the same reasons as stated in the court's denial of the previous "Motion ... For Review."

Further, the substance of the plaintiffs' jurisdictional challenges have been previously and properly rejected by Judge Waxse. The court has original jurisdiction to hear the action, as complete diversity exists among all the parties. Accordingly the plaintiffs' arguments relating to supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), are irrelevant. *See Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010) (supplemental jurisdiction relevant only if the court would "otherwise lack jurisdiction" over additional claims). The plaintiffs have failed to articulate any potential claims which could divest the court of jurisdiction. The requisite amount in controversy is satisfied by plaintiffs' own claims alleging that the value of their house exceeded $75,000, as well as their explicit assertions during discovery that they seek compensatory and punitive damages far in excess of this amount. *See Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) (court may include claim for punitive damages in assessing the amount in controversy). Finally, the state foreclosure action was properly dismissed by Wells Fargo pursuant to K.S.A. 60-241(a)(1), and plaintiffs have failed to demonstrate how any hypothetical and hitherto unpled claims might invalidate the court's jurisdiction.

The court notes that the defendants, in opposing the Motion to Remand, include a request for attorney fees as sanction against the plaintiffs for their repeated attempts to relitigate issues previously decided by the court. In its discretion, the court denies the request for sanctions. In doing so, the court notes that the motions addressed herein were filed prior to the January 31, 2012 Order denying the plaintiffs' earlier attempt to circumvent Rule 7.3 However, plaintiffs are specifically

admonished that any future attempts to relitigate issues already decided will likely result in the exercise of the court's inherent power to prevent such a waste of resources.

Plaintiffs' prior Motion to Dismiss Amended Counterclaims (Dkt. 103), which raised substantially similar arguments, is denied for the reasons stated herein.

IT IS ACCORDINGLY ORDERED this 1st day of March, 2012, that the plaintiffs' Motions for Remand and to Dismiss and for Rebuttal (Dkt. 103, 125, 130, 188) are hereby denied.


 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE