IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROY AND SHEILA BOWERS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 10-4141-JTM-DJW |
| | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

In this removal action, Plaintiffs assert claims for slander and disparagement of title, conversion, negligence, fraud and/or misrepresentation, as well as violations of the Real Estate Settlement Procedures Act and the Kansas Consumer Protection Act. Plaintiffs' claims allegedly arise from the recording of a Caveat as to the Existence of a Mortgage Lien Due to Erroneous Release of Mortgage ("Caveat") after Plaintiffs attempted to refinance their residential mortgage loan. This matter is currently before the Court on Plaintiffs' motion to deem requests for admission served upon Defendant Mortgage Electronic Registration Systems ("MERS") as insufficient and therefore admitted (ECF No. 111).[1] Plaintiffs request that the Court overrule Defendant MERS's boilerplate objections and order it to admit certain requests for admission. As explained in further detail below, the motion is granted in part and denied in part.

---

[1] Although Plaintiffs' motion is titled "Motion to Deem Requests for Production as Insufficient Therefore Admitted," it appears, from the substance of the motion and the attached exhibits, that Plaintiffs' motion pertains to their requests for *admission* rather than their requests for production served on Defendant MERS.

## I.      Relevant Background Facts

On July 28, 2011, Plaintiffs served 62 requests for admission on Defendant MERS. Shortly thereafter, Plaintiffs filed a motion to stay the case and suspend all pending deadlines, response and submission dates (ECF No. 77). The Court granted the motion and stayed the case until September 30, 2011 (ECF No. 85). At the October 11, 2011 telephone status and scheduling conference, the Court granted Defendant MERS an extension of time until October 24, 2011 to respond to Plaintiffs' interrogatories, document requests, and requests for admission. Defendant MERS served its objections and responses to Plaintiffs' requests for admission on October 24, 2011.

In November 2011, Plaintiffs asked Defendant MERS whether it would agree to an extension of their deadline for file a motion to compel with respect to the outstanding discovery. Defendants consented to an extension of Plaintiffs' deadline until 30 days after the parties' November 3, 2011 discovery conference. Plaintiffs filed their instant motion to deem requests for admission as insufficient on December 7, 2011. In response, Defendant MERS filed a motion to strike Plaintiffs' motion (ECF No. 113) on the grounds the motion was untimely filed. On March 5, 2012, the Court held a motion hearing and ruled on multiple pending discovery-related motions. The Court denied Defendant MERS's motion to strike, finding that the D. Kan. Rule 37.1 deadline for filing motions to compel did not apply to motions regarding the sufficiency of requests for admission under Fed. R. Civ. P. 36(a)(6). The Court also granted Defendant MERS an extension of time to file a response to Plaintiffs' motion. After requesting and obtaining another extension, Defendant MERS filed its response (ECF No. 208) on March 27, 2012.

In its response, MERS advises the Court that following a lengthy in-person meet-and-confer session on March 20, 2012, the parties informally resolved a substantial number of the requests for

admission identified in Plaintiffs' motion. MERS indicates that it believes the following seven requests for admission remain at issue in Plaintiffs' motion: Request for Admission Nos. 23, 26, 34-35, 48, 61-62. Plaintiffs have not filed a reply disputing this. The Court will therefore limit the scope of Plaintiffs' motion to these specific requests for admission.

## II.     Applicable Legal Standard for Ruling on Objections to Requests for Admission

Federal Rule of Civil Procedure 36(a) sets out the scope and procedure for requests for admission. It provides that the parties "may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."[2] Such requests serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."[3] Generally, the purpose "is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[4]

A party responding to a request for admission may answer under Rule 36(a)(4), object under Rule 36(a)(5), or both. An answer must either admit or deny the truth of the matter asserted, "or state in detail why the answering party cannot truthfully admit or deny it."[5] Denials shall "fairly

---

[2] Fed. R. Civ. P. 36(a)(1).

[3] Fed. R. Civ. P. 36 advisory committee's note (1970 Am.).

[4] *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012).

[5] Fed. R. Civ. P. 36(a)(4).

3

respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."[6] Objections must specifically state the grounds for objecting.[7] When a party objects to a request for admission rather than admitting or denying it, or asserting an inability to admit or deny, it assumes the burden of persuasion to justify its objection.[8]

Rule 36(a)(6) provides a means for judicial determination of the sufficiency of an answer or objection on motion of the requesting party.[9] Courts do not address the sufficiency of an answer unless they first find an asserted objection invalid or improper.[10] A justified objection may eliminate the need for an answer.[11] When determining the sufficiency of answers or objections to requests for admission, the courts consider the phrasing of the requests as carefully as the response.[12] In the absence of a justified objection, an answer must be served.[13] If an answer fails to comply with Rule 36(a), "the court may order either that the matter is admitted or that an amended answer be served."[14]

---

[6]*Id.*

[7]Fed. R. Civ. P. 36(a)(5).

[8]*Moses v. Halstead*, 236 F.R.D. 667, 680 (D. Kan. 2006).

[9]*Solis*, 2012 WL 1906508, at *2.

[10]*Id.*

[11]Fed. R. Civ. P. 36(a)(6).

[12]*Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 10-2263-JAR-GLR, 2011 WL 1559422, at *2 (D. Kan. Apr. 25, 2011); *Solis*, 2012 WL 1906508, at *2.

[13]Fed. R. Civ. P. 36(a)(6).

[14]*Id.*

### III. Requests for Admission Remaining in Dispute

Plaintiffs ask the Court to determine the sufficiency of MERS's answers or objections to their requests for admissions under Fed. R. Civ. P. 36(a)(6). That rule provides that "[u]nless the court finds an objection justified, it must order that an answer be served." Thus, the Court must determine whether Defendant MERS's objections to Plaintiffs' requests for admission are justified.

#### A. Request for Admission No. 23

Plaintiffs' Request for Admission No. 23 asks MERS to "admit that [it] can fix problems in the chain of title that occur while mortgagee." Defendant MERS objected to the Request as using "vague and undefined terms, including 'fix problems' and 'while mortgagee.'" It further objected that:

> The Request is also overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 36(a)(1) defines the scope of a request for admission to "the purposes of the pending action only," and limits the subject of a request to matters discoverable under Fed. R. Civ. P. 26(b)(1). Plaintiffs' Complaint concerns the recording of a single document, entitled Caveat as to the Existence of a Mortgage Lien Due to Erroneous Release of Mortgage, dated November 13, 2009, which concerned Plaintiffs' Mortgage dated October 9, 2008. Indeed, Plaintiffs have told the Court that "the relevant document at issue is the 'Caveat,' repeatedly attached by both parties." See Plaintiffs' submission ECF 52-1. However, the Request is not limited to that document or anything involving Plaintiffs or their Mortgage.[15]

In response to Plaintiffs' motion, MERS continues to argue that this Request for Admission is objectionable because it uses the vague and undefined terms "fix problems" and "while mortgagee." It also asserts that responding to the Request would require it to speculate about unrelated properties involving unidentified title problems and the Request is not limited to the subject matter of this case.

---

[15]Def. MERS's Objections & Resp. to Pls.' Req. for Admis. (ECF No. 111-1).

A party responding to a request for admission is required to use reason and common sense in interpreting phrases used in the particular request.[16] A party is not required, however, to speculate about a request for admission that contains genuinely vague or ambiguous statements.[17] The party objecting to the discovery request bears the burden to show such vagueness or ambiguity.[18]

Here, the Court agrees with Defendant MERS that the Request's use of the vague and ambiguous phrase "fix problems" makes the request too speculative to be admitted or denied. Further, the poor construction of the request, including the phrase "while mortgagee," renders the request for admission nonsensical. It would be impossible for Defendant MERS to admit or deny the request as written. Defendant MERS's vague and ambiguous objection to Request No. 23 is sustained. As the Court finds Defendant MERS's objection to Request No. 23 justified, Plaintiffs' motion to deem this request admitted or to compel an answer to it is denied.

### B.     Request for Admission No. 26

Plaintiffs' Request for Admission No. 26 asks MERS to "admit that MERS allows documents to be executed in MERS name without knowledge as to the accuracy of the information." Defendant MERS responded to the Request for Admission as follows:

> Objection. The Request is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 36(a)(1) defines the

---

[16] *See Ice Corp. v. Hamilton Sundstrand Inc.*, No. 05-4135-JAR, 2007 WL 1297120, at *16 (D. Kan. Apr. 30, 2007) (overruling vague and ambiguous objection to request for admission because the responding party could easily use reason and common sense to interpret phrases used in the requests for admission).

[17] *Carmichael Lodge No. 2103, Benevolent & Protective Order of Elks of the United States of Am.,* No. 07-2665 LKK GGH, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23, 2009).

[18] *See Ice Corp.*, 2007 WL 1297120, at *16 (overruling vague and ambiguous objection to request for admission because the responding party could easily use reason and common sense to interpret phrases used in the requests for admission).

scope of a request for admission to "the purposes of the pending action only," and limits the subject of a request to matters discoverable under Fed. R. Civ. P. 26(b)(1). Plaintiffs' Complaint concerns the recording of a single document, entitled Caveat as to the Existence of a Mortgage Lien Due to Erroneous Release of Mortgage, dated November 13, 2009, which concerned Plaintiffs' Mortgage dated October 9, 2008. Indeed, Plaintiffs have told the Court that "the relevant document at issue is the 'Caveat,' repeatedly attached by both parties." See Plaintiffs' submission ECF 52-1. However, the Request is not limited to that document or anything involving Plaintiffs or their Mortgage.[19]

MERS continues to argue that this Request for Admission is objectionable because its scope is much broader and bears no reasonable relation to the claims in the case. It points out that on March 19, 2012, Plaintiffs filed their First Amended Complaint. The only change in the scope of the pleading concerning MERS-related instruments was that Plaintiffs now allege that a lost note affidavit executed by Wells Fargo employee/MERS representative Ed Debus as another example of "robo-signing." MERS argues that although the case concerns two discrete MERS-related documents – the Caveat and the lost note affidavit — the scope of Plaintiffs' request for admission is not limited to those documents, but instead is much broader and bears no reasonable relation to the claims in the case.

The Court agrees with MERS that the construction of Request for Admission No. 26, which asks MERS to admit that it allows unspecified "documents" to be executed in its name without knowledge as to the accuracy of the information, makes it overly broad. The lack of specificity requires Defendant MERS to speculate as to what "documents" Plaintiffs are referring to in their request for admission. However, to the extent that MERS can qualify its answer to certain documents such as the Caveat and the lost note affidavit, then MERS should be able to admit or deny this request for admission. MERS's overly broad objection to Request for Admission No. 26

---

[19]Def. MERS's Objections & Resp. to Pls.' Req. for Admis. (ECF No. 111-1).

7

is sustained in part and overruled in part. It is sustained to the extent the request for admission asks MERS to admit regarding unspecified "documents." It is overruled to the extent the request asks MERS to admit it allowed certain documents – the Caveat and lost note affidavit – to be executed in MERS name without knowledge as to the accuracy of the information. Defendant MERS is ordered to serve an answer to Plaintiffs' Request for Admission No. 26, but limited to the following documents: the Caveat and the lost note affidavit.

### C.     Request for Admission Nos. 34 and 35

Plaintiffs' Request for Admission No. 34 asks MERS to "admit that as of November 2009 that MERS had estimated over 20,000 certifying officers." Request for Admission No. 35 asks MERS to admit that as of November 2009, it had "estimated less than 100 employees." Defendant MERS responded to both requests for admission as follows:

> Objection. The Request is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 36(a)(1) defines the scope of a request for admission to "the purposes of the pending action only," and limits the subject of a request to matters discoverable under Fed. R. Civ. P. 26(b)(1). Plaintiffs' Complaint concerns the recording of a single document, entitled Caveat as to the Existence of a Mortgage Lien Due to Erroneous Release of Mortgage, dated November 13, 2009, which concerned Plaintiffs' Mortgage dated October 9, 2008. Indeed, Plaintiffs have told the Court that "the relevant document at issue is the 'Caveat,' repeatedly attached by both parties." See Plaintiffs' submission ECF 52-1. However, the Request does not refer to that document or anything involving Plaintiffs or their Mortgage.[20]

Defendant MERS states in its response to the motion that these Requests are objectionable because they do not concern specific employees, such as Lorna Slaughter, instead they reflect a challenge by Plaintiffs to some theoretical problem with MERS or the industry in which it operates. The Court previously granted MERS a protective order from producing a representative to testify

---

[20]Def. MERS's Objections & Resp. to Pls.' Req. for Admis. (ECF No. 111-1).

to several Rule 30(b)(6) deposition topics that the Court found had "no application to the claims asserted in this case, but rather to the claims in other litigation, some theoretical problem with MERS or the industry in which it operates."[21] MERS asks the Court to sustain its objections to these Requests for Admission for the same reasons.

Although the Court previously sustained MERS's objections to deposition topics finding that the topics had no application to the claims in this case, but instead to theoretical problems with MERS or the industry in which it operates, the Court notes that the standards governing Rule 30(b)(6) deposition topics are different from those for requests for admission under Rule 36(a). Under Rule 30(b)(6), a party seeking to depose an organization must describe the matters for examination with "reasonable particularity."  In contrast, Rule 36 does not require requests for admission be stated with "reasonable particularity," but instead limits their scope to the general relevancy standard in Rule 26(b)(1). Thus, to the extent the Court previously sustained MERS's objections to Plaintiffs' Rule 30(b)(6) topics, the Court does not find these same objections to be justified with regard to the Requests for Admission at issue here.   Under the Rule 26(b)(1) relevancy standard, the Court finds these Requests for Admission ask Defendant MERS to admit the truth of relevant matters. They are relevant to Plaintiffs' allegations that MERS negligently failed to have procedures in place or intentionally ignored them when its authorized officer and "vice president," Lorna Slaughter, created, signed, delivered, published, and causing the filing of the Caveat containing false certifications.  The Requests are also relevant to Plaintiffs' allegations that at the direction or with the assistance of First American Title, Ed DeBus executed a lost note affidavit as a "vice president" of MERS.  They are also relevant to Plaintiffs' allegations that MERS,

---

[21]Dec. 2, 2011 Mem. & Order (ECF No. 109) at 12.

Lorna Slaughter, and Ed DeBus engaged in fraud through the practice of not verifying information prior to certifying the information on a mortgage, a practice known as "robo-signing." Defendant MERS' objections to Request for Admission Nos. 34 and 35 are overruled. Defendant MERS is required to serve answers to these Requests for Admission.

### D.  Request for Admission Nos. 48, 61 and 62

Plaintiffs' Request for Admission No. 48 asks MERS to "admit that the Board of Directors does not meet to appoint MERS certifying officers." Request for Admission No. 61 asks MERS to admit "that there was no Board of Directors meeting for MERS on December 15, 2008." Request for Admission No. 62 asks MERS to admit "that you sell the MERS corporate seals for $25.00 each." Defendant MERS served the following response to all three requests for admission:

> Objection. The Request is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 36(a)(1) defines the scope of a request for admission to "the purposes of the pending action only," and limits the subject of a request to matters discoverable under Fed. R. Civ. P. 26(b)(1). Plaintiffs' Complaint concerns the recording of a single document, entitled Caveat as to the Existence of a Mortgage Lien Due to Erroneous Release of Mortgage, dated November 13, 2009, which concerned Plaintiffs' Mortgage dated October 9, 2008. Indeed, Plaintiffs have told the Court that "the relevant document at issue is the 'Caveat,' repeatedly attached by both parties." See Plaintiffs' submission ECF 52-1. However, the Request is not limited to that document or anything involving Plaintiffs or their Mortgage.

In response to Plaintiffs' motion, MERS argues that these Requests are objectionable because they bear no reasonable relation to any claims in this case. Plaintiffs have not sued MERS because its "Board of Directors does not meet to appoint MERS certifying officers," as requested by Request No. 48. Rather, it argues that Plaintiffs' claims concern the Caveat and now the lost note affidavit, the existence of neither of which is disputed. None of the Defendants deny that Lorna Slaughter or Ed Debus were appropriately delegated individuals to take actions on behalf of MERS in its capacity as nominee for the originating lender of Roy Bowers' promissory note and its successors and

assigns, Wells Fargo. According to MERS, it would seem against Plaintiffs' interests in this case to try to establish that Lorna Slaughter and Ed Debus were not appropriately-delegated MERS representatives, as Plaintiffs' claims against MERS are based on them executing the two documents at issue as MERS representatives. It would also seem against Plaintiffs' interests in this case to try to establish that the Caveat was not validly created, as Plaintiffs' case claims that MERS should be liable that the Caveat was executed by its representative and recorded. Defendant MERS contends that these illustrate the shotgun nature of Plaintiffs' requests with their objectionable coverage of all aspects of its business.

The Court finds these Requests seek admissions regarding the truth of matters relevant to the claims and defenses in this case. Like Request Nos. 34 and 35 above, the Court finds them to be relevant to Plaintiffs' allegations regarding the nature of Lorna Slaughter's position as an authorized MERS certifying officer when executing the Caveat. Defendant MERS's relevancy objections to these Requests for Admission are overruled. The Court orders Defendant MERS to serve answers to Request for Admission Nos. 48, 61 and 62.

With regard to MERS's overbroad and burdensome objections, the Court finds that these objections lack merit and are not justified. Defendant MERS has failed to show how asking it to admit that there was no board of director meeting on December 15, 2008, or that it sells corporate seals for $25.00 each would warrant an overbroad or burdensome objection. The Requests facially seek admission regarding specific matters that MERS should be able to admit or deny without extensive effort. The Court further finds that Defendants MERS's objections to these Requests for Admission constitute violations of Fed. R. Civ. P. 26(g). Under that Rule, the signature of a represented party's attorney to the discovery response or objection constitutes a certification that to the best of the attorney's knowledge, information and belief formed after a reasonable inquiry,

the discovery request, response or objection is:

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.[22]

Rule 26(g)(3) requires the imposition of sanction for improper certification. "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."[23]

In this case, MERS's overbroad and burdensome objections, repeatedly cut and pasted in its responses to multiple requests for admissions, are not consistent with the Federal Rules of Civil Procedure or warranted by existing law.  They also appear asserted for the improper purposes of causing unnecessary delay, and needlessly increasing the cost of this litigation.  The Court will thus impose sanctions upon the attorney who signed Defendant MERS's repeated, boilerplate overbroad and burdensome objections to Plaintiffs' requests for admission.  The Court will impose sanctions in the amount of $1,000 to deter future discovery responses and objections that are not warranted by existing law, and asserted for the improper purposes of causing unnecessary delay and needlessly increasing the costs of the litigation, all in violation of Rule 26(g).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Deem Requests for Admission

---

[22]Fed. R. Civ. P. 26(g)(1)(B)(i)-(iii).

[23]Fed. R. Civ. P. 26(g)(3).

as Insufficient (ECF No. 111) is granted in part and denied in part.  **Within 20 days of this Memorandum and Order**, Defendant MERS shall serve, without objection, its answers to Plaintiffs' Requests for Admission Nos. 26 (but limited to the Caveat and lost note affidavit), 34, 35, 48, 61, and 62.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 26(g)(3), discovery sanctions in the amount of $1,000 are imposed upon the attorney who signed Defendant MERS's objections and responses to Plaintiffs' Requests for Admission.  The sanctions shall be paid to Plaintiffs **within 30 days of this Memorandum and Order.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of July 2012.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc:     All counsel and *pro se* parties