IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

R OY AND S HEILA B OWERS ,

        Plaintiffs,

        vs.                                Case No. 10-4141-JTM

M ORTGAGE E LECTRONIC R EGISTRATION
S YSTEMS , INC., *et al.*

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the Objection filed by defendants Mortgage Electronic Registration Systems (MERS), Lorna Slaughter, and Wells Fargo Bank. The defendants object to the sanctions imposed by the Magistrate Judge on July 9, 2012.

In that Order, the Magistrate Judge overruled the defendants' objections to five Requests for Admission. Specifically, the court overruled the defendants' Objections to Requests to Admit (1) the number of its certifying officers, (2) the number of its employees, (3) that certifying officers are appointed without a meeting of the MERS Board of Directors, (4) that there was no Board meeting on December 15, 2008, and (5) that MERS corporate seals were sold for $25.00. In addition, the Magistrate Judge imposed a $1000 sanction upon defendants' counsel for advancing these objections. This sanction was advanced on the grounds that the defendants' objections were not

advanced in good faith, were merely "boilerplate" objections, and the information was readily available to defendants. (Dkt. 252, at 12).

After a review of all of the pleadings, the court finds that the objection to the imposition of sanctions should be sustained.

First, the court finds that the background and history of the case does not support a conclusion that the objections were offered in bad faith. While the July 9, 2012 Order was the first to address written discovery entered in the action, the previous resolution of the dispute over the extensive proposals by Plaintiffs Roy and Sheila Bowers for their oral deposition of MERS gave defendants reasonable grounds for their objections.

In that Order, the court had struck down the Bowers' Deposition Notice as overbroad and irrelevant, finding that "[m]any of the [22] topics [referenced in the Notice] have no application to the claims asserted in this case, but rather to the claims in other litigation, some theoretical problem with MERS or the industry in which it operates." (Dkt. 109, at 10, 12). That is, the case simply did not involve complaints about the "current MERS." (Id. at 11-12).[1] Given this background, the defendants' Objections to the remaining five Requests for Admission were thus "warranted by existing law" in the case, and not sanctionable. *See* Fed. R. Civ. P. 26(g)(1)(B)(I).

Second, the "boilerplate" nature of defendants' Objections to the Requests to Admit must be be viewed in the context of the present action, in which Bowers has issued some *62* Requests for Admission, many of which have no real relevance to the action. This is not a case in which

---

[1] In addition, as defendants note, in the same Order imposing sanctions for their Objections to the Requests for Admission, the Magistrate Judge sustained some of their objections, which included similar objections (overbreadth and burdensomeness) to those for which they were sanctioned.

2

defendants have cavalierly advanced boilerplate objections to a plaintiff seeking targeted, relevant discovery. Rather, the plaintiffs have sought discovery through carpet bombing; the defendants' use of similar language in their objections provides no basis for sanctions.

Finally, while the undersigned agrees with the need to deter future discovery abuses, the sanctions were imposed without warning. In their Response in support of the sanctions (Dkt. 268), plaintiffs assert that warnings were indeed issued, but upon review, the court finds that the cited passages indicate discovery conferences or communications in which the court generically encouraged the parties to participate in discovery in a collegial and cooperative manner.

IT IS ACCORDINGLY ORDERED this 7th day of September, 2012, that the Objection of the defendants (Dkt. 263) is hereby sustained, and the sanctions imposed on July 9, 2012 are hereby set aside.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE