IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY AND SHEILA BOWERS,

      Plaintiffs,

vs.                           Case No. 10-4141-JTM

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, *et al.*

      Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Dismiss of the defendant First American Title Insurance Company. The court finds that title slander, fraud, conversion and negligence, and statutory Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.,* claims of the plaintiffs Roy and Sheila Bowers in the March 19, 2012, First Amended Third Party Petition are untimely, and that the remainder of their claims are conclusory assertions which fail to meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and advance no valid claim as to First American. Dismissal is appropriate.

This court has previously addressed the background of the case in its Order of June 1, 2011 (Dkt. 46). With respect to First American, the Bowers allege that on November 13, 2009, Kansas Secured Title recorded a Caveat with the Shawnee County Register of Deeds, indicating that — contrary to a mistaken earlier Release — the prior lien on their property was *not* released.

First American agues that the Bowers' claim of slander and disparagement of title are subject to dismissal for a variety of reasons, including the fact that the Caveat in question was not recorded by First American but by another entity. Further, its action as a title company was to simply (and correctly) relate the public record filings with the Register of Deeds, and so did not "publish" the offending statement within the meaning of Restatement (Second) of Torts, § 630. Further, First American stresses that the Bowers have not alleged any malice, or special damages flowing from the alleged disparagement. *See Saddlewood Downs v. Holland Corp.*, 33 Kan. App.2d 185, 197, 99 P.3d 640 (2004).

With respect to the conversion claim, First American argues that no conversion of the Bowers' "chain of title" could legally occur because a chain of title is not personal property; it is evidence of ownership of real property. *Hamilton v. Washington Mutual Bank*, 563 F.3d 1171, 1180 (10th Cir. 2009). Nor, it argues, is any claim for negligence proper under the circumstances, as the plaintiffs have failed to show that First American had a duty to record a renewal mortgage which never existed.

The court need not resolve First American's motion to these grounds, as it is clear that the slander of title claim, along with most of the other claims against First American, is time-barred.

Pursuant to K.S.A. 60-514(a)(2), the Bowers were obliged to bring their title slander and conversion claims against First American within one year. RESPA contains a similar one-year limitations period. 28 U.S.C. § 2614. Under K.S.A. 60-514(a)(4), the plaintiffs were required to bring their negligence claim within two years. Under K.S.A. 60-513(a)(3), a claim for fraud must be presented within two years.

It is apparent from the pleadings that the Bowers' claims, first advanced in their First Amended Third Party Complaint of March 19, 2012, are untimely. The Caveat was filed November 13, 2009. The plaintiff's own Complaint makes clear that they knew of the Caveat shortly after it was registered, indicating that they began to make demands for compensation for their alleged damages in "December of 2009 and January of 2010." (Complaint, at ¶ 82). Accordingly, their claims asserted more than two years after January of 2012 are barred by the statute of limitations.

This leaves the Bowers' claim against First American under the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623. Such claims must be pleaded with "a level of particularity comparable to common law fraud claims." *See Sosna v. Bank of America*, No. 10-2375-JTM, 2011 WL 1060966, *5 (D. Kan. March 11, 2011). Here, the Bowers fail to allege the existence of any "consumer transaction" between themselves and First American, as that term is defined by K.S.A. 50-624(c). Because the First Amended Third Party Complaint fails to demonstrate or allege the existence of a consumer transaction relationship between the Bowers and First American, dismissal is appropriate.

IT IS ACCORDINGLY ORDERED this 11th day of September, 2012, that the Motion to Dismiss of the Third Party Defendant First American (Dkt. 232) is hereby granted. First American's earlier Motion to Dismiss or For More Definite Statement (Dkt. 217) is denied as moot.

                                              s/J. Thomas Marten  
                                              J. THOMAS MARTEN, JUDGE