IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


Roy and Sheila Bowers,

      Plaintiffs,


vs.                                          Case No. 10-4141-JTM


Mortgage and Electronic Systems, et al.,

      Defendants.


MEMORANDUM AND ORDER


This matter is before the court on the plaintiffs' Motion for Rule 54(b) Certification (Dkt. 336). On October 4, 2012, the court granted the defendants' summary judgment motion, finding that the uncontroverted facts preclude any recovery on the plaintiffs' claims for slander of title, conversion, fraud, negligence, and violations of the Kansas Consumer Protection Act, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605. (Dkt. 301). At the same time, the court also granted summary judgment in favor of defendant Wells Fargo on its counterclaim seeking an equitable mortgage on the property on terms consistent with the 2008 mortgage and loan agreement. (*Id*. at 36). However, the defendants' underlying motion expressly reserved any attempt to foreclose on the equitable mortgage under Count III of its Counterclaims, and the court did not rule on this

claim in its October 4 Order.

Since that Order, Wells Fargo has moved for attorney fees (Dkt. 304), and the plaintiffs filed their Notice of Appeal. (Dkt. 311). On November 15, 2012, Wells Fargo moved for summary judgment on its Count III claim for judicial foreclosure. The plaintiffs' filed their Motion to Certify after the Tenth Circuit issued an Order finding the appeal premature in the absence of proper certification. (Dkt. 335).

Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The court must therefore determine, first, whether the underlying order is final, and second, whether there is "no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted).

> In order to determine whether an order is "final" a district court must first consider the separability of the adjudicated and unadjudicated claims. For purposes of Rule 54(b), a claim comprises all factually or legally connected elements of a case. In determining whether claims are separable, courts should consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible.

*Inola Drug, Inc., v. Express Scripts, Inc.*, 390 F3d.Appx. 774, 775-76 (10th Cir. 2010) (citations and internal quotations omitted).

In considering the second element under Rule 54(b), the court must balance the policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *Oklahoma Tpk. Auth.*, 259 F.3d at 1241. The court considers factors such as "whether the claims under

review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.

The plaintiffs' motion satisfies neither of the requirements for certification. The court's Order of October 4 was not a final order, because the remaining Count III judicial foreclosure claim shares many common legal and factual issues with those addressed in the court's prior Order. (*See* Dkt. 319, at 3-7). The presence of factual overlap and closely-related legal questions preclude any finding that the equitable mortgage and foreclosure claims are distinct and separable legal claims. *See Inola Drug*, 390 Fed.Appx. at 777.

Further, the court finds in its discretion that the issues presented by Wells Fargo's motion may and should be decided promptly and prior to the delay attendant on any appeal. *See Graham v. Van Dycke*, 318 Fed.Appx. 654, 658 (10th Cir. 2009) (denial of Rule 54(b) certification reviewed for abuse of discretion). The imposition of the equitable mortgage and its foreclosure present closely related issues, and the Magistrate Judge has separately rejected the plaintiffs' argument that additional discovery is required to address Wells Fargo's motion. (Dkt. 328). Similarly, this court has specifically denied the plaintiffs' broad request to stay the action (Dkt. 333), granting only the plaintiffs' narrower request for additional time to file a responsive motion.

The remaining issue in the case is closely linked to the October 4, 2012 Order, and is poised for prompt resolution by this court. But for the delays created by the plaintiffs, the issue might have already been resolved. Accordingly, the court finds that certification

would unjustifiably delay the just resolution of the action, and the Motion for Certification (Dkt. 336) is denied.

IT IS SO ORDERED this 17th day of December, 2012.


 s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE