IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Sheila Bowers, *et al.*,

        Plaintiffs,

        vs.                                  Case No. 10-4141-JTM

Mortgage Electronic Registration
  Systems (MERS), *et al.*,

        Defendants.

MEMORANDUM AND ORDER

The court has previously granted summary judgment in favor of defendant and counter-claimant Wells Fargo Bank, dismissing the claims of the plaintiffs Roy and Sheila Bowers and equitably reinstating the mortgage on the subject property (Dkt. 301), and subsequently granted the bank's motion as to its foreclose claim (Dkt. 352). The matter is now before the court on two separate issues. First, Wells Fargo has moved to alter the judgment. (Dkt. 357). Second, Wells Fargo has filed a Notice of Total Default Value (Dkt. 366), under which it clarifies the amount sought by way of judgment as $242,058.60, which includes

(a) $179,561.97 in unpaid principal reduced by the amount of $1,204.48 (representing mortgage insurance charged on the loan when the policy had been cancelled)

(b) $37,707.84 in interest at the note rate as of May 1, 2013;

(c) $17,587.81 for past escrow advances and $2,519.12 for pending escrow advances for payment by Wells Fargo of real estate property taxes and homeowners insurance;

(d) $2,526.12 in total fees, $30.00 in other fees, and $1,613.50 in recoverable fees incurred due to the loan being in default, e.g., for property inspections; and

(e) $1,716.72 in accumulated late charges.

Given the preliminary nature of Wells Fargo's Notice, which notes that the bank had supplied "some supporting information" to the plaintiffs and that additional information would be provided as available, the court by separate Order (Dkt. 370) directed further briefing on the issue of the judgment amount. The court finds the Bank has subsequently supplied itemized details of the loan information, including specifics as to the escrow and property preservation amounts (Dkt. 369).

The court has reviewed the Exhibits attached to the latest submission of Wells Fargo (Dkt. 373), and finds that the evidence supports the award requested. These exhibits include a detailed itemization of the loan history, a spreadsheet of loan charges and escrow balances, and another spreadsheet showing various fees associated with the loan. The plaintiffs have submitted no alternative valuation for the default, and raise only insubstantial arguments, coupled with an insinuation of a lack of good faith on the part of Wells Fargo and its counsel,[1] and reliance on a irrelevant bankruptcy decision.[2] In a final *non sequitur* to their response to the Notice of judgment amount, the plaintiffs also "respectfully request" that the court "reverse [its Orders] and remand to

---

[1] "History does not change except when re-writing occurs," the plaintiffs write, and thus the exhibits presented by the counter-claim plaintiffs "cannot be said as submitted in good faith by Wells." (Dkt. 374, at 7).

[2] *In re Jones,* No. 03-16518, 2012 WL 1155715 (Bankr. E.D. La. April 5, 2012) awarded sanctions against Wells Fargo for violating the automatic stay of 11 U.S.C. § 362 by improperly assessing charges against a Louisiana bankruptcy estate, contrary to the express orders issued in other Louisiana litigation. This is not a bankruptcy action, and the plaintiffs have failed to show any charge included in the prospective judgment is erroneous, let alone that it is willful or contrary to prior court order.

the state court where the foreclosure was first filed."(Dkt. 374, at 7). The plaintiffs supply no argument in support of this result, and the court finds no reason to alter its previous decision expressly denying the previous request for remand. (Dkt.189 at 3).

The court finds that the amount of judgment sought is well-supported in the evidence and will award judgment in the amount of $242,058.60, based on the calculations set forth above.

Wells Fargo's motion to alter or amend seeks to clarify the court's Order of March 26, 2013 to include the specification that it may advance a claim against the Roy Bowers Probate Estate for any deficiency arising from a sheriff's sale of the property. The Bank notes that, subsequent to the briefing of the liability issue under Count 3 of the counterclaim, the Estate has proceeded to probate, and Sheila Bowers has been appointed administrator.[3] It affirmatively represents that, having obtained an *in rem* foreclosure judgment against Sheila Bowers, it seeks no deficiency claim against her personally, but only the opportunity to file a claim in the Probate Estate.

At the time of the briefing on summary judgment as to Count 3, no probate estate had been created. To preserve its interest in a potential estate, Wells Fargo petitioned the District Court of Shawnee County, Kansas to issue Letters of Administration. The court granted that request, and Lance Weeks was appointed Special Administrator for the Roy Bowers Estate. On March 15, 2013, the probate court substituted Sheila Bowers as the Administrator, shortly before this court's award of summary judgment to Wells Fargo, *i.e.*, that award occurred before Sheila Bowers became Special Administrator of the Roy Bowers Probate Estate.

The court will grant the motion for good cause shown. At the time of the March 26, 2013

---

[3] Sheila Bowers filed a Notice of Death as to Roy Bowers on October 22, 2012. (Dkt. 306).

Order, the present administrator of the probate estate had yet to make an appearance in this action. Prior to the Order, Wells Fargo had consistently reserved the possibility of an *in personam* judgment against the Estate as an aid in the event of deficiency. (Dkt. 350, at 1).

The only substantial argument advanced by the plaintiffs in response to Wells Fargo's motion is to the priority Wells Fargo's claim ought to receive in probate. This is a matter for the probate court to resolve. Otherwise, the plaintiffs affirmatively concede that "[t]he judgment itself [even] without the motion, allows Wells Fargo the authority to pursue the estate." (Dkt. 365, at 1).

The court grants the motion to clarify that the court grants (a) an *in rem* judgment against Sheila Bowers, the current sole owner of the property; but also (b) an *in personam* judgment against Sheila Bowers, solely in her now-official capacity as the duly-appointed Administrator for the Estate of Roy Bowers in Shawnee County, Kansas Probate Court, Case No. 12P515. Wells Fargo is authorized to file this court's final judgment in the probate court pursuant to K.S.A. 59-2238(3), which provides: "The judgment creditor shall file a certified copy of the judgment obtained in an action such as described in subsection (1) or (2) of this section in the proper district court within thirty (30) days after said judgment becomes final."

IT IS ACCORDINGLY ORDERED this 15th day of July, 2013, that Wells Fargo's Motion to Amend (Dkt. 357) is granted, and its Notice of Submission is accepted, and the court grants judgment in the amount of $242,058.60 in favor of Wells Fargo, this judgment rendered *in rem* and an *in personam* as provided herein.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE